UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CONCEPCION FLORES MOLINA, *et al.*,<br><br>　　　　　　Defendants.<br><br>CONCEPCION FLORES MOLINA,<br><br>　　　　　　Cross Claimant,<br><br>　　v.<br><br>LUPE C. NUNES,<br><br>　　　　　　Cross Defendant. | Case No. 1:23-cv-01553-NODJ-CDB<br><br>ORDER GRANTING UNOPPOSED MOTION FOR ORDER TO DEPOSIT INTERPLEADER FUNDS PURSUANT TO FED. R CIV. P. 67<br><br>(Doc. 10) |

　　Pending before the Court is the application of Interpleader Plaintiff Metropolitan Life Insurance Company ("MetLife") for leave to deposit funds pursuant to Rule 67 of the Federal Rules of Civil Procedure, filed January 11, 2024. (Doc. 10). No party has filed an opposition and because the time to do so has passed, the Court construes the motion is unopposed. *See* Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."). For the reasons set forth below, MetLife's motion is granted.

1

**Background**

According to the allegations of the complaint, Vincent R. Flores (the "Decedent") was at one time an employee of Union Pacific Corporation ("Union Pacific"). (Doc. 1 ¶7). As a benefit of his retirement, Decedent participated in a life insurance plan provided by Union Pacific (the "Plan"). *Id*. Benefits under the Plan were funded by a group certificate of life insurance issued by MetLife. *Id*.

The Decedent died on or about June 4, 2023. *Id*. ¶11. At that time, Decedent had life insurance coverage under the Plan in the amount of $118,500. *Id*. ¶12. The Decedent's most recent beneficiary designation is dated February 4, 2019, providing disbursement of 100% of benefits under the Plan to Lupe C. Nunes ("Nunes"), who is the Decedent's daughter. However, the prior designation, which is dated September 13, 2016, provided for disbursement between Nunes and her sister Concepcion Flores Molina ("Molina") of 50% of benefits to each. *Id*. ¶14.

Following the Decedent's death, his benefits became payable. *Id*. ¶15. On June 21, 2023, MetLife notified Nunes that she was the beneficiary under the Plan and requested her to complete and return her claim form. *Id*. ¶16. However, On June 30, 2023, MetLife received an email from Molina, which disputed Nunes' claim to the Plan benefits. *Id*. ¶17. Molina alleged that Nunes had been disinherited by the Decedent, and he intended to remove Nunes as a beneficiary under the Plan, but died before he was able to do so. *Id*. Molina further submitted a ruling from the Kern County Superior Court, which found Nunes liable for committing elder abuse on the Decedent, and ordered Nunes to pay Molina, as a trustee of Decedent's trust, a judgment in the sum of $710,245.88. *Id*.

Since it cannot determine the proper beneficiary or beneficiaries of the Plan without risking exposure to itself to legal liability, MetLife did not disburse the Plan benefits. *Id*. ¶18. Furthermore, MetLife gave Nunes and Molina an opportunity to resolve their dispute to preserve the Plan benefits from litigation fees and other costs associated with an interpleader action. *Id*. ¶19. However, Nunes and Molina were unable to reach a resolution and MetLife initiated this action.

MetLife seeks to deposit a check for $118,500, made payable to the Clerk of the Court, which corresponds to the Decedent's Plan benefits. (Doc. 10). MetLife avers that it is a mere disinterested stakeholder and makes no claim to the Plan benefits other than payment of its reasonable attorney's fees and costs in connection with this action. *Id*.

2

**Discussion**

Federal Rule of Civil Procedure 22(a) and 28 U.S.C. § 1335 permit a party to file an interpleader claim when the party faces possible exposure to multiple liabilities from the defendants. "The purpose of interpleader is for the stakeholder to protect itself against the problems posed by multiple claimants in a single fund." *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010) (internal quotations omitted). In this instant motion, MetLife seeks to deposit $118,500 in benefits under the Decedent's life insurance coverage. Pursuant to Federal Rule of Civil Procedure 67, "a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it." Fed. R. Civ. 67(a). "The core purpose of Rule 67 is to relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto." *Lasheen v. Loomis Co.*, No. 2:01-cv-00227-KJM-EFB, 2018 WL 4679305, at *3 (E.D. Cal. Sept. 28, 2018) (quoting *Alstom Caribe, Inc. v. George P. Reintjes Co., Inc.*, 484 F.3d 106, 113 (1st Cir. 2007)). The Court's decision to allow the deposit of property pursuant to Rule 67 is discretionary. *Id*. (citing *Gulf States Util. Co. v. Alabama Power Co.*, 824 F.2d 1465, 1475 (5th Cir. 1987)).

The Court finds that MetLife may deposit the Plan benefits into the registry of the Court. The parties have filed a stipulation to discharge MetLife of any and all liability and recover attorneys' fees and costs in the amount of $4,500.00, to be deducted from the plan benefits. (Doc. 14). The Court shall act on the parties' stipulation once the Clerk of Court confirms receipt of the interpleader funds.

**Conclusion and Order**

For the forgoing reasons, it is **HEREBY ORDERED** that:

1. Plaintiff MetLife's motion for order to deposit interpleader funds pursuant to Fed. R. Civ. P. 67 (Doc. 10) is **GRANTED**;
2. Within 14 days of the date of entry of this order, MetLife shall issue and deliver a check payable to the Clerk of the United States District Court for the Eastern District of California in the amount of One Hundred-Eighteen Thousand, Five Hundred Dollars ($118,500); and

3. MetLife shall cause a copy of this Order to be personally served upon the Clerk of the Court or the Financial Deputy.

Further, the Clerk of the Court is **HEREBY DIRECTED** to accept such funds and hold the same on deposit in the registry of the Court in an interest-bearing account or invest in an interest-bearing instrument, there to abide by the judgment of the Court and for future disbursement to the person or persons adjudged by the Court to be entitled thereto.

IT IS SO ORDERED.

Dated: **January 31, 2024**

UNITED STATES MAGISTRATE JUDGE