1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>     Plaintiff,<br><br> v.<br><br>CONCEPCION FLORES MOLINA, *et al.*,<br><br>     Defendants. | Case No. 1:23-cv-01553-CDB<br><br>ORDER ON STIPULATION FOR DISCHARGE AND DISMISSAL OF INTERPLEADER PLAINTIFF AND FOR AWARD OF ATTORNEY'S FEES<br><br>(Doc. 14) |
|---|---|
| CONCEPCION FLORES MOLINA,<br><br>     Cross Claimant,<br><br> v.<br><br>LUPE C. NUNES a/k/a LUPE FLORES,<br><br>     Cross Defendant. | |

   Pending before the Court is the stipulation of all parties to this action (Interpleader Plaintiff Metropolitan Life Insurance Company ("MetLife"), Defendant Concepcion Flores Molina and Defendant Lupe C. Nunes) to dismiss and discharge MetLife and for award attorney's fees.  (Doc.

1

14).[1]  For the reasons set forth below, the Court will discharge and dismiss MetLife and award attorney's fees and costs as requested by the parties.

**Background**

According to the allegations of the complaint, Vincent R. Flores (the "Decedent") was at one time an employee of Union Pacific Corporation ("Union Pacific").  (Doc. 1 ¶7).  As a benefit of his retirement, Decedent participated in a life insurance plan provided by Union Pacific (the "Plan"). *Id*.  Benefits under the Plan were funded by a group certificate of life insurance issued by MetLife. *Id*.

The Decedent died on or about June 4, 2023. *Id*. ¶11.  At that time, Decedent had life insurance coverage under the Plan in the amount of $118,500. *Id*. ¶12.  The Decedent's most recent beneficiary designation is dated February 4, 2019, providing disbursement of 100% of benefits under the Plan to Lupe Flores ("Lupe"), who is the Decedent's daughter.[2]  However, the prior designation, which is dated September 13, 2016, provided for disbursement between Nunes and her sister Concepcion Flores Molina ("Molina") of 50% of benefits to each. *Id*. ¶14.

Following the Decedent's death, his benefits became payable. *Id*. ¶15.  On June 21, 2023, MetLife notified Lupe that she was the beneficiary under the Plan and requested her to complete and return her claim form. *Id*. ¶16.  However, On June 30, 2023, MetLife received an email from Molina, who disputed Lupe's claim to the Plan benefits. *Id*. ¶17.  Molina alleged that Lupe had been disinherited by the Decedent and that the Decedent intended to remove Lupe as a beneficiary under the Plan, but died before he was able to do so.  *Id*.  Molina further submitted a ruling from the Kern County Superior Court, which found Lupe liable for committing elder abuse on the Decedent, and ordered Lupe to pay Molina, as a trustee of Decedent's trust, a judgment in the sum of $710,245.88.  *Id*.

---

[1] On September 28, 2023, following all parties filing of notice of consent to the jurisdiction of a United States Magistrate Judge, this action was reassigned to Magistrate Judge Christopher D. Baker for all purposes pursuant to 28 U.S.C. § 636(c)(1).  (Doc. 30)

[2] During the scheduling conference held on February 1, 2024 (Doc. 20), Lupe Flores appeared pro se and averred that her proper surname is Flores, not Nunes. Since the Decedent, Concepcion Flores Molina, and Lupe Flores all share the same surname, for the sake of simplicity the Court shall refer to Lupe Flores by her first name.

Since it cannot determine the proper beneficiary or beneficiaries of the Plan without risking exposure to legal liability, MetLife did not disburse the Plan benefits. *Id*. ¶18.  Furthermore, MetLife gave Lupe and Molina an opportunity to resolve their dispute to preserve the Plan benefits from litigation fees and other costs associated with an interpleader action. *Id*. ¶19. However, Lupe and Molina were unable to reach a resolution and MetLife initiated this action.

MetLife avers that it is a mere disinterested stakeholder and makes no claim to the Plan benefits other than payment of its reasonable attorney's fees and costs in connection with this action. (Doc. 10).  On January 31, 2024, the Court granted MetLife's unopposed motion to deposit interpleader funds.  (Doc. 16). Thereafter, the Clerk of the Court docketed notice of receipt from MetLife of the interplead funds ($118,910.69). (*See* docket entry dated 2/15/2024).

**Legal Standard**

"Interpleader is a procedural device used to resolve conflicting claims to money or property.  It enables a person or entity in possession of a tangible *res* or fund of money (the 'stakeholder') to join in a suit two or more 'claimants' asserting mutually exclusive claims to that stake." *MacPherson-Pomeroy v. N. Am. Co. for Life & Health Ins.*, No. 1:20-cv-00092-DAD-BAM, 2022 WL 1063039, at *5 (E.D. Cal. Apr. 8, 2022) (quoting *Great Wall De Venezuela C.A. v. Interaudi Bank*, 117 F. Supp. 3d 474, 481 (S.D.N.Y. 2015)).  "Both Rule 22 and the interpleader statute allow a party to file a claim for interpleader if there is a possibility of exposure to double or multiple liability." *Lee*, 688 F.3d at 1009; *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010) ("The purpose of interpleader is for the stakeholder to 'protect itself against the problems posed by multiple claimants to a single fund.'") (quoting *Minn. Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 980 (9th Cir. 1999)).

An interpleader action typically involves two stages.  *Mack*, 619 F.3d at 1023 (citation omitted).  "In the first stage, the district court decides whether the requirement for [a] rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund." *Id*.  "If the district court finds that the interpleader action has been properly brought the district court will then make a determination of the respective rights of the claimants." *Id*. at 1023-24.  "The two stages to an interpleader action need not be bifurcated; 'the entire action may be disposed of at one time.'" *MacPherson-Pomeroy*, 2022 WL 1063039, at *5

(quoting *W. Conf. of Teamsters Pension Plan v. Jennings*, No. C-10-03629 EDL, 2011 WL 2609858, at *5 (N.D. Cal. June 6, 2011)). "The second stage of an interpleader action may be adjudicated at summary judgment when there is no material dispute of fact…and each claimant has the burden of establishing his or her right to the fund or property by a preponderance of the evidence." *MacPherson-Pomeroy*, 2022 WL 1063039, at *5 (citations and quotation marks omitted).

There are two mechanisms for invoking interpleader—statutory interpleader under 28 U.S.C. § 1335 and rule interpleader Rule 22—and their jurisdictional requirements differ.  For statutory interpleader, the following requirements must be satisfied: (1) there must be two or more adverse claimants of diverse citizenship, and (2) the plaintiff must have custody or possession of at least $500 of money or property, or bond equivalent to the value of the dispute money or property, deposited into the registry of the court.  *See* 28 U.S.C. § 1335.  "Statutory interpleader has been 'uniformly construed to require only minimal diversity, that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens.'" *MacPherson-Pomeroy*, 2022 WL 1063039, at *5 (quoting *State Far, Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967)).  In contrast, rule interpleader under Rule 22 is a procedural device only and requires that jurisdiction must be proper under 28 U.S.C. §§ 1331 or 1332.  *Id*. (citing *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1382 (9th Cir. 1988)).

**Discussion**

The Court finds that MetLife has pleaded facts established that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1335 because there are at least two adverse claimants of diverse citizenship (California and North Carolina) and the amount Plaintiff sought to (and now has) deposited with the Court exceeds $500. (Doc. 1 ¶¶2-3).

Once a court determines that interpleader is proper, it may discharge the stakeholder from additional liability.  *Cetera Advisor Networks LLC v. Protective Property and Casualty Ins. Co.,* No. 2:19-cv-00299-JAM-EFB, 2020 WL 12602479, at *3 (E.D. Cal. Apr. 10, 2020) (quotations and citations omitted).  For discharge to be proper, the "stakeholder must have a good faith belief that there are or may be colorable competing claims to the stake." *Fid. Nat. Title Co. v. U.S. Small Business Admin*, No. 2:13-cv-02030-KJM-AC, 2014 WL 6390275, at *3 (E.D. Cal. Nov. 13, 2014)

(quoting *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 893-94 (9th Cir. 2012)). "This is not an onerous requirement." *Michelman*, 685 F.3d at 893-94. The Court finds that MetLife has a good faith belief that it may be subject to multiple liability from interpleader defendants. Furthermore, Lupe and Molina agree that MetLife may be properly discharged from this action. (Doc. 14 p. 3).

MetLife also asks for attorneys' fees and costs to compensate it for bringing this interpleader action in the amount of $4,500. (Doc. 14 p. 2). The interpleader Defendants agree that the $4,500 should be deducted to the Plan benefits. *Id*. Courts generally have discretion to award attorneys' fees to a disinterested stakeholder in an interpleader action. *Abex Corp. v. Ski's Enters., Inc.*, 748 F.2d 513, 516 (9th Cir. 1962); *Trs. of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise,* 234 F.3d 416, 426 (9th Cir. 2000). The stakeholder is typically compensated for reasonable attorneys' fees out of the interpleader fund deposited in the court. *Tise,* 234 F.3d at 427.

As a general matter, a court will award fees from the proceeds whenever: (1) the party seeking fees is "a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the funds into court, and (4) has sought a discharge from liability." *Septembertide Publ'g v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989). Based on the record before the Court, it appears that MetLife has met all of the criteria for being awarded attorneys' fees and costs. There is no argument or evidence that MetLife has any interest in the funds or that this case arises from MetLife's wrongdoing. MetLife has attempted to resolve all of interpleader Defendants' claims by initiating the complaint in interpleader. Moreover, Lupe and Molina both stipulated to MetLife's discharge and dismissal (Doc. 14).

The Ninth Circuit has indicated that attorneys' fees in an interpleader action are limited to time expended on preparing the complaint, obtaining service of process on the claimants to the fund, obtaining default judgment, and preparing an order discharging the plaintiff from liability and dismissing it from the action. *See Tise*, 234 F.3d at 426-27. Because the scope of compensable expenses is limited, an attorneys' fee award to the disinterested interpleader plaintiff typically is modest. This furthers the "important policy interest" in seeing that the fee award does not unduly deplete the fund of those entitled to it. *Id*. at 427.

MetLife proffers that its total fees and costs incurred in bringing this interpleader matter totals $4,500.00. (Doc. 14 p. 2). MetLife seeks this amount without proffering any supporting evidence or

billing statements. The burden of establishing entitlement to an attorneys' fee award lies solely with the claimant. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) ("[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.")

Here, without declarations or billing statements to support MetLife's fee request, the Court cannot assess the reasonableness of the requested fee amount with respect to counsel's hourly rates or time spent litigating this matter or the cost expended by MetLife. However, the Court sees no reason to dispute that MetLife spent reasonable costs and hours litigating this action. Moreover, the interpleader Defendants, who have an interest in the remaining funds under the Plan, have stipulated to MetLife's fee request. Further, Eastern District of California courts generally have awarded fees and costs in interpleader action close to the amount requested by MetLife. *Transamerica Life Ins. Co. v. Shubin*, No. 1:11-cv-01958-LJO-SKO, 2012 WL 2839704, at *12 (E.D. Cal. July 10, 2012) (awarding $7,164.25 in attorneys' fees and costs); *Wells Fargo Bank v. PACCAR Fin. Corp.*, No. 1:08-CV-00904 AWI SMS, 2009 WL 211386, at *4 (E.D. Cal. Jan. 28, 2009) (awarding $5,575.55 in attorneys' fees and costs); *United States of America for the use of Terry Bedford Concrete Construction, Inc. v. Argonaut Ins. Co.*, No. 1:23-cv-00130-JLT-CDB, 2024 WL 199273, at *7 (E.D. Cal. Jan. 18, 2024) (awarding $3,000.00 in attorneys' fees and costs). Accordingly, in light of the lack of opposition thereto, consistent with Eastern District case law, the Court will grant the parties' fee and cost request in its "broad discretion" to award attorneys' fees and costs

**Conclusion and Order**

For the forgoing reasons, it is **HEREBY ORDERED:**

1. Plaintiff-in-Interpleader Metropolitan Life Insurance Company is discharged of any and all liability with respect to the life insurance benefits payable upon the death of Vincent R. Flores — including any and all claims that Defendants-in-Interpleader have, had, or may have regarding the plan benefits.

2. MetLife is dismissed from this action with prejudice.

6

3. The Interpleader Defendants are hereby enjoined and perpetually restrained from instituting any action or proceeding in any state or federal court against MetLife, for the recovery of the benefits under the plan.

4. MetLife shall recover its attorneys' fees and costs in the amount of $4,500.00, which amount shall be paid by the Clerk of the Court from the amount currently on deposit.

IT IS SO ORDERED.

Dated:   **February 21, 2024**              _____
                                            UNITED STATES MAGISTRATE JUDGE