UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCEPCION FLORES MOLINA,<br><br>  Plaintiff/Cross Defendant,<br><br>  v.<br><br>LUPE C. FLORES,<br><br>  Defendant/Cross Plaintiff. | Case No. 1:23-cv-01553-CDB<br><br>ORDER DENYING WITHOUT PREJUDICE PETITION TO APPOINT GUARDIAN AD LITEM<br><br>(Doc. 31) |

Pending before the Court is Defendant/Cross Plaintiff Lupe Flores' ("Flores") petition for appointment of guardian ad litem. (Doc. 31).[1] Because the petition does not provide substantial evidence of incompetence, the petition will be denied without prejudice.

**LEGAL STANDARD**

Under Rule 17 of the Federal Rules of Civil Procedure, a representative of an incompetent person may litigate on that person's behalf. Fed R. Civ. P. 17(c)(2). "The court is under a 'legal obligation' to consider whether an incompetent person is adequately protected." *Jurgens v. Dubendorf*, No. 2:14-cv-2780-KJM-DAD, 2015 WL 6163464, *3 (E.D. Cal. Oct. 19, 2015) (citing *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986)); *accord Davis v. Walker*, 745 F.3d 1303, 1310 n.6 (9th Cir. 2014). However, the obligation of the court to appoint

---

[1] The Petition does not name any individual to be appointed as Flores' guardian ad litem.

a guardian ad litem pursuant to Rule 17(c) does not arise until after it is determined that the person to be represented is, in fact, incompetent. *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1050 (E.D. Cal. 2015).

The standard for determining competency is supplied by the law of the plaintiff's domicile. *See* Fed. R. Civ. P. 17(b)(1). Under California law, a party is incompetent "if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Golden Gate Way, LLC v. Stewart*, 2012 WL 4482053, *2 (N.D. Cal. Sept. 28, 2012) (citing *In re Jessica G.*, 93 Cal. App. 4th 1180, 1186 (2001)); *see* Cal. Civ. Proc. Code § 372 ("When . . . a person who lacks legal capacity to make decisions . . . is a party, that person shall appear either by a guardian or conservator of the estate or by a guardian ad litem[.]") Typically," a guardian will not be appointed for an adult unless the person gives consent or upon notice and a hearing." *Jurgens*, 2015 WL 6163464, *3. *Accord Golden Gate Way*, 2012 WL 4482053, *3 (relying on medical records and the Court's observations of the party at a hearing to conclude he did not have the capacity to participate in the litigation in any meaningful fashion).

Additionally, the Local Rules of the Eastern District of California provide:

(a) Appointment of Representative or Guardian.  Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. *See* Fed. R. Civ. P. 17(c). (E.D. Cal. Local Rule 202).

### **DISCUSSION**

Ms. Flores' petition contains a letter from a Dr. Thomas Leistikow, M.D. (Doc. 31 p. 5). According to this letter, Flores was seen for a neurology appointment on December 22, 2023, "with regards to ongoing workup for memory changes for possible neurocognitive disorder." *Id*. Flores is still pending additional testing. *Id*.

The petition does not provide substantial evidence of incompetency. *See Johnson v.*

*Johnson*, No. 1:19-cv-00105-LJO, SAB 2019 WL 13248650, *2 (E.D. Cal. Jan. 28, 2019); *Gibson v. Hagerty Insurance Agency*, No. 1:16-cv-00677-DAD-BAM, 2017 WL 1022792, *4 (E.D. Cal. Mar. 16, 2017) (finding that a two-page excerpt based on a single consultation with a physician insufficient to make an incompetence determination). "Under California law, evidence of incompetence may be drawn from various sources, but the evidence relied upon must 'speak . . . to the court's concern . . . whether the person in question is able to meaningfully take part in the proceedings.'" *AT&T Mobility*, 143 F. Supp. 3d at 1050. (quoting *In re Christina B*., 19 Cal. App. 4th 1441, 1450 (1993)). Thus, in connection with considering a party's proffered incompetence, this Court may consider, for instance, sworn declarations from the allegedly incompetent litigant or similar declarations or letters from treating medical providers, as well as relevant medical records. *Allen v. Calderon,* 408 F.3d 1150, 1153 (9th Cir. 2005).

Here, the single letter attached to the petition summarily asserts that Ms. Flores is being seen for a potential neurocognitive disorder. The letter consists of a single paragraph and does not diagnose Ms. Flores with any cognitive disorder, nor does it explain whether her condition is severe enough to render her unable to meaningfully take part in the proceedings.

This order does not bar Ms. Flores from refiling a petition seeking appointment of guardian ad litem that complies with Local Rule 202 and the legal standards summarized above. Any such application must identify potential candidate(s) who are willing and able to be appointed as Ms. Flores' guardian ad litem and include sworn attestations by those candidate(s) that they have no conflicts of interest. Furthermore, the application must be supported with relevant documents, such as proof of a conservatorship, and sworn declarations by, for instance, a medical provider or legal counsel attesting that Ms. Flores is unable to participate in the litigation in any meaningful fashion with sufficient details to satisfy the Court that such observations are adequately informed. Ms. Flores also should confer with Plaintiff/Counter-Defendant in connection with any future request for appointment of guardian ad litem and indicate in her application whether Plaintiff/Counter-Defendant concurs or objects to the proposed appointment.

/ / /

/ / /

**CONCLUSION AND ORDER**

For the foregoing reasons, it is HEREBY ORDERED that Ms. Flores' petition to appoint a guardian ad litem is DENIED WITHOUT PREJUDICE to the filing of a renewed petition that addresses the deficiencies noted above.

IT IS SO ORDERED.

Dated:   **April 18, 2024**              _____
                                          UNITED STATES MAGISTRATE JUDGE