UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCEPCION FLORES MOLINA,<br><br>            Plaintiff/Cross Defendant,<br><br>    v.<br><br>LUPE C. FLORES,<br><br>            Defendant/Cross Plaintiff. | Case No. 1:23-cv-01553-CDB<br><br>ORDER DENYING WITHOUT PREJUDICE RENEWED PETITIONS TO APPOINT GUARDIAN AD LITEM<br><br>(Docs. 39, 45)<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. 40)<br><br><u>Clerk of the Court to Effect Service on Non-Party</u><br><br>**21-Day Deadline** |

Pending before the Court is Defendant/Cross-Defendant Lupe Flores' ("Flores") renewed petitions for appointment of guardian ad litem (Docs. 39, 45), motion to proceed *in forma pauperis* (Doc. 40), and other requests. Because the petitions fail to remedy deficiencies noted in the Court's order denying Flores' earlier petition for appointment of guardian ad litem (Doc. 33), and because Flores is not eligible to proceed *in forma pauperis*, the petitions and motion will be denied without prejudice.

**Petition for Appointment of Guardian ad Litem**

In its earlier order denying Flores' original petition for the appointment of guardian ad litem, the Court explained:

> This Order does not bar Ms. Flores from refiling a petition seeking appointment of guardian ad litem that complies with Local Rule 202 and the legal standards summarized above. Any such application must identify potential candidate(s) who are willing and able to be appointed as Ms. Flores' guardian ad litem and include sworn attestations by those candidate(s) that they have no conflicts of interest. Furthermore, the application must be supported with relevant documents, such as proof of a conservatorship, and sworn declarations by, for instance, a medical provider or legal counsel attesting that Ms. Flores is unable to participate in the litigation in any meaningful fashion with sufficient details to satisfy the Court that such observations are adequately informed. Ms. Flores also should confer with Plaintiff/Counter-Defendant in connection with any future request for appointment of guardian ad litem and indicate in her application whether Plaintiff/Counter-Defendant concurs or objects to the proposed appointment.

(Doc. 33 at 3) (emphasis added).

In her renewed petitions (Docs. 39, 45), Flores has not remedied two deficiencies noted with emphasis above. First, the petitions do not comply with Local Rule 202 – they are not supported by sworn declarations by candidates proposed to serve as guardian ad litem. The Court previously has admonished Flores (as a pro se litigant) and her daughter (who has appeared in Court with her in the past) of Flores' obligation to become familiar with and comply with this Court's Local Rules and directed Flores to the Court's website to obtain a copy of those rules. Nevertheless, the Court attaches as Exhibit 1 hereto the text of Local Rule 202 and directs Flores once again to comply with this rule in any future petition for the appointment of guardian ad litem.

Separately, Flores' renewed petitions fail to comply with the Court's direction in its earlier order that she confer with Plaintiff/Counter-Defendant and set forth in her renewed petition Plaintiff/Counter-Defendant's position regarding the requested appointment.

**Request to Proceed *In Forma Pauperis***

Flores separately moves to proceed *in forma pauperis*. (Doc. 40). The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person…possesses (and) that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Here, Flores is not obligated to pay fees for the commencement of this action; hence, she is not entitled to proceed *in forma pauperis*.

///

**Request for Access to CM/ECF and PACER**

Flores separately requests "that all further documents be served to myself, Lupe C. Flores (Nunes), electronically via the Court's electronic filing system." (Doc. 45 at 1).

Under the Court's Local Rules, pro se parties are required to "file and serve paper documents" and "may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." Local Rule 133(b)(2) (emphasis omitted). Any request for an exception to this rule must be submitted as a stipulation between the parties or a "written motion setting out an explanation of reasons for the exception." Local Rule 133(b)(3).

It is within the Court's discretion to grant or deny such a request. *Reddy v. Precyse Solutions LLC*, No. 1:12-cv-02061-AWI-SAB, 2013 WL 2603413, at *3 (E.D. Cal. June 11, 2013). Here, Plaintiff's filing contains no explanation or justification for access to the electronic filing system. (Doc. 45). Upon review of the pleadings in this action and Flores' request, the Court finds that this action does not warrant an exception to the Local Rule.

**Request for Service of Answer/Crossclaim of Concepcion Flores Molina**

Flores separately requests a copy of the crossclaim of Defendant/Cross-complainant Concepcion Flores Molina. (Doc. 45 at 1).

The Court notes that the requested pleading previously was served on Flores. *See* (Doc. 9-3). Further, parties are not entitled to request the Clerk of the Court to provide them with copies of filings publicly available. Nevertheless, as a one-time courtesy, the Court will direct the Clerk of the Court to provide Flores – as well as the person identified in her filings as Power of Attorney (Dawn M. Harris) – with copies of the requested pleading.

**Miscellaneous**

As the Court previously has admonished Flores, her decision to proceed without representation puts her at a disadvantage – navigating civil litigation in federal courts presents challenges that a party untrained in the practice of law ordinarily will be unable to handle nearly as competently as a licensed attorney. As it does with all pro se parties, this Court has and will continue to extend to Flores every appropriate, reasonable accommodation in light of her unrepresented status.

However, Flores' inability or unwillingness to comply with this Court's Local Rules and orders will not be tolerated. In addition to her failure to remedy deficiencies in her renewed petitions for the appointment of a guardian ad litem (as discussed above), Flores failed to comply with this Court's order of June 18 directing her to answer the cross-complaint by July 2, 2024. Her failure prompted Defendant/Cross-Complainant Molina to file a motion for default judgment (Docs. 37, 42), which Flores failed to timely oppose.

Flores is once again admonished that her failure to adequately participate in this litigation puts her at risk of defaulting and suffering an adverse judgment. The Court will grant one final 21-day extension of time within which to file a petition for guardian ad litem and response to crossclaim.

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED:

1. Flores' renewed petitions for appointment of guardian ad litem (Docs. 39, 45) are DENIED WITHOUT PREJUDICE;
2. Flores' motion to proceed *in forma pauperis* (Doc. 40) is DENIED;
3. Flores' request for electronic filing (Doc. 45) is DENIED;
4. Flores is granted one final 21-day extension of time from the date of service of this order within which to file a renewed petition for guardian ad litem and response to crossclaim.
5. The Clerk of the Court is DIRECTED to serve a copy of this order and a copy of the Answer/Crossclaim of Defendant/Cross-Claimant Concepcion Flores Molina (Doc. 9) on Dawn M. Harris at the following address:

> 3286 Webb Street
> Walkertown, NC  27051

IT IS SO ORDERED.

Dated: **August 1, 2024**

UNITED STATES MAGISTRATE JUDGE