Case 1:23-cv-01553-CDB   Document 49   Filed 09/05/24   Page 1 of 5

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CONCEPCION FLORES MOLINA,<br><br>Defendant/Cross-Plaintiff,<br><br>v.<br><br>LUPE C. FLORES,<br><br>Defendant/Cross-Defendant. | Case No. 1:23-cv-01553-CDB<br><br>ORDER DENYING CROSS-PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. 42)<br><br>ORDER DENYING DEFENDANT'S MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM<br><br>(Doc. 48)<br><br>ORDER SETTING STATUS CONFERENCE |

Pending before the Court is Defendant/Cross-Plaintiff Concepcion Flores Molina's ("Molina") motion for default judgment against Defendant/Cross-Defendant Lupe C. Flores ("Lupe Flores"). (Doc. 42). No oppositions to Molina's motion was filed and the deadline to do so has expired.

Also before the Court is a filing by Lupe Flores titled "motion to appoint counsel and notice regarding diagnosis." (Doc. 48). Having considered the moving papers, the Court construes the motion to be, more properly, a renewed motion for appointment of guardian ad litem.

**Molina's Motion for Default Judgment**

As a general rule, "default judgments are ordinarily disfavored," as "[c]ases should be decided upon their merits whenever reasonably possible." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 20160 (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)). Under Rule 55 of the Federal Rules of Civil Procedure, default judgment is a two-step process. *See Eitel*, 782 F.2d at 1471. Prior to entry of default judgment, there must be an entry of default. *See* Fed. R. Civ. P. 55. Upon entry of default, the factual allegations of the complaint, save for those concerning damages, are deemed to have been admitted by the defaulting party. Fed. R. Civ. P. 8(b)(6); *see Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

A district court has discretion to grant or deny a motion for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) ("Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment."). The Ninth Circuit has set out seven factors to be considered by courts in reviewing a motion for default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471–72. Entry of default judgment is not appropriate where the second and third factors weigh against plaintiff. *See Mnatsakanyan v. Goldsmith & Hull APC*, 2013 WL 10155707, *10 (C.D. Cal. May 14, 2013) ("The fact that factors two and three weigh against the entry of default judgment is particularly significant, as courts often treat these as the most important factors.") (citing cases).

Molina's motion for default judgment is deficient insofar as it fails to acknowledge *Eitel* or present any argument as to how the seven *Eitel* factors support entry of default judgment here. In addition, on August 26, 2024, Lupe Flores filed a document titled "response." (Doc. 47). Upon review, the Court construes this as an answer to the cross-complaint, albeit late and potentially deficient. Nevertheless, in her "response," Lupe Flores denies a key allegation

concerning her alleged undue influence in ascending to beneficiary status.  *Cf.*  (Doc. 47 at 1 *with* Doc. 9-1 ¶¶ 5-6, 25-30).  Given the motion's deficiencies and the existence of a dispute within the pleadings over material facts, Molina's motion for default judgment will be denied without prejudice.  *E.g.*, *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986) (motion for default judgment properly denied when plaintiff failed to show prejudice from one defendant's failure to comply strictly with time requirements); *Krieg v. U.M.C. Hosp.*, 217 Fed. Appx. 604, 605 (9th Cir. 2007) (affirming district court's denial of entry of default judgment given existence of disputes over material facts) (unpub.).

**Lupe Flores' Motion for Appointment of Guardian Ad Litem**

On March 25, 2024, Lupe Flores filed a motion for appointment of guardian ad litem.  (Doc. 31).  On April 19, 2024, the Court denied the motion without prejudice on three grounds: (1) the motion failed to provide substantial evidence of incompetence; (2) the motion failed to show efforts to confer with Molina and indicate in the application whether Molina concurs or objects to the proposed appointment; and (3) the motion failed to identify potential candidates willing to be appointed as guardian ad litem and include their sworn attestations that they did not have conflicts of interest, as required by Local Rule 202.  (*See* Doc. 33).  On July 8, 2025, Lupe Flores filed a renewed motion for appointment of guardian ad litem.  (Doc. 39).  On August 1, 2024, the Court denied the renewed motion without prejudice on the grounds that points (2) and (3) above still had not been remedied.

On August 26, 2024, Lupe Flores filed her renewed motion for appointment of guardian ad litem.  (Doc. 48).  The Court finds that the new motion has not remedied the deficiencies of the prior motion, namely points (2) and (3) above.  The renewed motion for appointment of guardian ad litem is therefore will be denied without prejudice.

The Court reiterates that **any motion for appointment of guardian ad litem must comply with Local Rule 202, meaning it must include signed declarations from individuals willing to be appointed guardian ad litem.  These declarations must demonstrate that the proposed guardian ad litem/declarant does not have any conflicts of interest with Lupe Flores and otherwise is qualified to serve in such capacity.**

3

The Court also reiterates that, **prior to filing a renewed motion for appointment of guardian ad litem, Lupe Flores must confer with Molina about whether Molina concurs or objects to the proposed guardian ad litem appointment. The date, time, manner, and content of this conference must be included in the motion for appointment of guardian ad litem.**

**Mandatory Status Conference**

The Court sets the case for mandatory status conference on October 23, 2024. **The Court invites Lupe Flores' power of attorney, Dawn M. Harris, to appear.** The Court also invites the parties to meet and confer in case of a scheduling conflict or unavailability on the date of the conference, and thereafter propose modified dates on which all parties, Lupe Flores's power of attorney, and any relevant witnesses to the issue of Lupe Flores' claimed incompetence are available.

The Court will entertain a renewed motion for appointment of guardian ad litem filed prior the conference. Any such **motion must comply with Local Rule 202 and include declarations** as set forth above. Additionally, if a renewed application for appointment of guardian ad litem is filed prior to the status conference, **the proposed guardian ad litem must appear at the conference, as should any medical providers that can answer the Court's questions** regarding Lupe Flores' proffered medical condition, so as to be informed regarding any incompetency determination.

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED:

1. Molina's motion for default judgment (Doc. 42) is DENIED WITHOUT PREJUDICE;
2. Lupe Flores' renewed motion for appointment of guardian ad litem (Doc. 48) is DENIED WITHOUT PREJUDICE; and

///

///

///

4

3. The parties and any relevant witnesses shall appear for status conference on October 23, 2024, at 10:00a.m.  The parties shall appear at the conference remotely via Zoom video conference, and counsel may obtain the Zoom ID and password from the Courtroom Deputy (Cori Boren, cboren@caed.uscourts.gov) prior to the conference.

IT IS SO ORDERED.

Dated: **September 5, 2024**

UNITED STATES MAGISTRATE JUDGE