1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10   METROPOLITAN LIFE INSURANCE
      COMPANY,

11

12              Plaintiff,

13        v.

14   CONCEPCION FLORES MOLINA,

15              Defendant/Cross-Plaintiff,

16        v.

17

18   LUPE C. FLORES,

19              Defendant/Cross-Defendant.

Case No. 1:23-cv-01553-CDB

ORDER REQUIRING CROSS-
DEFENDANT LUPE C. FLORES TO
SHOW CAUSE IN WRITING WHY
SANCTIONS SHOULD NOT BE
IMPOSED FOR FAILURE TO APPEAR
AT STATUS CONFERENCE

(Doc. 49)

**14-DAY DEADLINE**

20

21        On September 5, 2024, the Court issued an order (Doc. 49) denying without prejudice both

22   Cross-Plaintiff Molina's motion for default judgment (Doc. 42) and Cross-Defendant Lupe

23   Flores' motion for appointment of guardian ad litem and appointment of counsel (Doc. 48).  In

24   its order, the Court set and ordered the parties to appear for a mandatory status conference on

25   October 23, 2024, at 10:00 a.m, and provided the email address for the undersigned's courtroom

26   deputy for the parties to request and obtain Zoom teleconference connection details. *See* (Doc.

27   49). The Court served the order by mail on Lupe Flores on the day of its issuance. *Id*.

28

1

After the issuance of the order, on October 10, 2024, Lupe Flores filed a fifth[1] motion to appoint guardian ad litem, also requesting appointment of counsel. (Doc. 50). In her motion, Lupe Flores did not identify any conflict that would result in her inability to attend the Court's mandatory status conference set for October 23, 2024.

The Court convened for the mandatory status conference on the scheduled date of October 23, 2024, at 10:00 a.m, via Zoom videoconference. The videoconference link had been supplied to all parties in advance. Cross-Plaintiff Molina and her counsel, Eric Leroy, made an appearance. However, Lupe Flores did not appear and neither did any representative or power of attorney on her behalf. As such, the Court was unable to discuss the current posture of the case, the positions of the parties, and any plans for further litigation of the matter.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

In light of Cross-Defendant Lupe Flores' failure to appear at the mandatory status conference on October 23, 2024, IT IS HEREBY ORDERED, Cross-Defendant Lupe Flores shall show cause in writing within 14 days of entry of this order why sanctions should not be imposed for her failure to obey this Court's orders. At a minimum, Cross-Defendant Lupe Flores' written response shall address her failure to appear at the conference and set forth any grounds for this Court to find her neglect should be excused.

**Failure to comply with this order to show cause may result in the imposition of sanctions.**

IT IS SO ORDERED.

Dated:   **October 23, 2024**                    _____
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] The prior motions are Docs. 31, 39, 45, and 48.