UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>     Plaintiff,<br><br>  v.<br><br>CONCEPCION FLORES MOLINA,<br><br>     Defendant/Cross-Plaintiff,<br><br>  v.<br><br>LUPE C. FLORES,<br><br>     Defendant/Cross-Defendant. | Case No. 1:23-cv-01553-CDB<br><br>ORDER TO DISREGARD CROSS-PLAINTIFF'S SUBMISSION FOR FILING OF STATE COURT FORM "NOTICE OF LEVY"<br><br>Clerk of the Court Directed to Return Submission |

**Background**

On October 28, 2024, the Clerk of the Court received from Cross-Plaintiff Concepcion Flores Molina ("Cross-Plaintiff") a California state court form EJ-150, titled "Notice of Levy," which was shared with and reviewed by the undersigned. The caption of that form identifies the attorneys as counsel of record in this action for Cross-Plaintiff. The form states that the levy is under writ of execution for a money judgment, with Superior Court of California, County of Kern case number BPB-21-002427. It is directed to the "Clerk of the United States District Court for the Eastern District of California," for judgment debtor "Lupe C. Nunes" and refers to the "Court

1

Registry Funds" held by this Court for the above-captioned case in the amount of $780,986.00. It is signed by "Joe Cassinerio II," stating that he is a registered process server and delivered the form to the Court on October 28, 2024. Attached to the form is an EJ-130 "Writ of Execution" state court form and a AT-167/EJ-152 "Memorandum of Garnishee" state court form, both apparently filed in the BPB-21-002427 state court action.

**Discussion**

Cross-Plaintiff's submission to the Clerk of the Court of a "notice of levy" suffers from a variety of deficiencies. The submission was accompanied by no notice of motion, motion, memorandum of points and authorities, affidavit, stipulation, or declaration as required by this Court's local rules. As such, the Court is uncertain of the intent, relevance, or purpose of the submission. To the extent Cross-Plaintiff seeks to invoke Local Rule 150(e), that rule provides that "[f]unds will only be disbursed after the time for appeal has expired, or upon written stipulation by all parties approved by the court." Neither scenario applies here.

Additionally, Local Rule 131(b) requires all pleadings and non-evidentiary filings to be signed by the attorney for the filing party or the party themselves if appearing *in propria persona.* The Court notes that there is no signature by Cross-Plaintiff's counsel.

Separately, the document itself and its attachments are state court forms that refer to proceedings in a state court action. Cross-Plaintiff may not simply file state court documents referencing a state court judgment in federal court, purporting to assert some possessory interest in funds on deposit with the Clerk of the Court, without any accompanying explanatory documents and missing counsel's signature, in an attempt to place a levy on federal court registry funds. *E.g., 19th Cap. Grp., LLC v. 3 GGGs Truck Lines, Inc.*, No. CV1802493PARAOX, 2018 WL 6219885, at *1 (C.D. Cal. Apr. 18, 2018) (denying ex parte application for writ of attachment where plaintiff filed a California state court form and failed to comply with court's local rules); *Spears v. Spears*, No. 221CV1472TLNCKDPS, 2021 WL 5494810, at *1 (E.D. Cal. Nov. 23, 2021) (striking state court form pleading for failing to comply with federal filing requirements); *Howell v. Johnson*, No. 2:20-CV-0520 KJN P, 2021 WL 4523718 (E.D. Cal. Oct. 4, 2021) (same).

**Conclusion and Order**

Accordingly, the Court HEREBY ORDERS that Cross-Plaintiff's submission for filing of form EJ-150 "Notice of Levy" be DISREGARDED.

The Clerk of the Court is directed to return the submission.

Additionally, counsel for Cross-Plaintiff is admonished to comply with the Local Rules of this Court in any future filing. **Failure to do so may result in the imposition of sanctions.**

IT IS SO ORDERED.

Dated:   **November 4, 2024**                         _____
                                                     UNITED STATES MAGISTRATE JUDGE