UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CONCEPCION FLORES MOLINA,<br><br>Defendant/Cross-Plaintiff,<br><br>v.<br><br>LUPE C. FLORES,<br><br>Defendant/Cross-Defendant. | Case No. 1:23-cv-01553-CDB<br><br>ORDER DENYING CROSS-DEFENDANT'S RENEWED MOTIONS FOR APPOINTMENT OF GUARDIAN AD LITEM AND COUNSEL<br><br>(Doc. 50, 55)<br><br>ORDER DENYING REQUESTS FOR *EX PARTE* COMPETENCY HEARING<br><br>(Docs. 54, 55)<br><br>ORDER SETTING STATUS CONFERENCE |

Pending before the Court are three filings by Cross-Defendant Lupe Flores: the first appears to be a motion to appoint counsel and guardian ad litem and notice of diagnosis (Doc. 50), the second a response to the Court's order to show cause and notice of diagnosis (Doc. 54), and the third an additional motion to appoint counsel and guardian ad litem and notice of diagnosis (Doc. 55). Having considered the papers, the Court construes the filings to be, more properly, renewed motions for appointment of guardian ad litem, renewed motions for appointment of counsel, and a request for an *ex parte* competence hearing.

## I. BACKGROUND

On March 25, 2024, Lupe Flores filed a motion for appointment of guardian ad litem. (Doc. 31). On April 19, 2024, the Court denied the motion without prejudice on three grounds: (1) the motion failed to provide substantial evidence of incompetence; (2) the motion failed to show efforts to confer with Molina and indicate in the application whether Molina concurs or objects to the proposed appointment; and (3) the motion failed to identify potential candidates willing to be appointed as guardian ad litem and include their sworn attestations that they did not have conflicts of interest, as required by Local Rule 202. *See* (Doc. 33).

On July 8, 2024, Lupe Flores filed a renewed motion for appointment of guardian ad litem. (Doc. 39). On July 19, 2024, Lupe Flores filed a supplement to her motion signed on her behalf by Dawn Harris, who represented herself as Lupe Flores' power of attorney. (Doc. 45). On August 1, 2024, the Court denied the motion without prejudice on the grounds that points (2) and (3) above still had not been remedied. (Doc. 46). The Court directed that its order by served on Dawn Harris.

On August 26, 2024, Lupe Flores filed a second renewed motion for appointment of guardian ad litem and motion to appoint counsel. (Doc. 48). This motion was signed on Lupe Flores' behalf by Dawn Harris (Lupe Flores' power of attorney). *Id.* at 1. The Court denied the motion without prejudice on the grounds that Lupe Flores had again failed to remedy the deficiencies of the prior motion, namely points (2) and (3) above. In that same order, the Court set a mandatory status conference for October 23, 2024, invited Dawn Harris to appear, invited the parties to confer and notify the Court of any conflicts of availability to attend the conference, and directed service of the order on Dawn Harris. (Doc. 49).

In advance of the noticed hearing, on October 10, 2024, Lupe Flores filed a third renewed motion for appointment of guardian ad litem and a renewed motion to appoint counsel (the first of two motions now pending). (Doc. 50). Like her prior motion, this third motion was signed on Lupe Flores' behalf by Dawn Harris. In the motion, neither Lupe Flores nor Dawn Harris represented they were unable to attend the mandatory status conference scheduled for October 23, 2024. Nevertheless, neither Lupe Flores, Dawn Harris, nor any representative acting on their

behalf appeared for the status conference. (Doc. 51).

Following her failure to appear at the mandatory status conference, the Court ordered Lupe Flores to show cause in writing why she should not be sanctioned. (Doc. 52). Lupe Flores filed her response to the order to show cause on November 6, 2024. (Doc. 54). In her response, she states that she cannot speak in front of other people because of anxiety and that her daughter (presumably her power of attorney, Dawn Harris) was on honeymoon and out of state. She states that she did not know what the videoconference link was for and did not know what to do. She states this is due to her medical diagnosis and attaches related documentation. She also seeks leave for additional time to file medical documentation from her neurologist. *See id.*

On November 25, 2024, Lupe Flores filed a fourth renewed motion for appointment of guardian ad litem, a second renewed motion for appointment of counsel, and a notice of diagnosis with medical documentation attached. (Doc. 55). This motion, too, was signed on Lupe Flores' behalf by Dawn Harris.

**II. DISCUSSION**

    **a. Motions for Appointment of Guardian ad Litem and Counsel**

Just as the Court has explained to Cross-Defendant in multiple prior orders (*see* Docs. 33, 46, 49), Lupe Flores' third and fourth renewed motions for appointment of guardian ad litem are deficient for the same reasons as those prior motions.

The motions fail to show any efforts to confer with Cross-Plaintiff Molina and to indicate whether Molina concurs or objects to the proposed appointment. More importantly, the motions fail to identify potential candidates willing and eligible to be appointed as guardian ad litem, which the Court repeatedly has admonished Lupe Flores must be demonstrated by the proposed candidates' sworn attestations that they do not have conflicts of interest, as required by Local Rule 202. *See* (Docs. 50, 55). As such, the motions are denied without prejudice.

Additionally, a litigant generally does not have a constitutional right to the appointment of counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1) for indigent civil litigants, but it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970;

*Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of the movant to articulate her claims pro se in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive, and they must be viewed together. *Id*.

Here, the court finds that the appointment of counsel is not justified. First, Lupe Flores does not have a constitutional right to counsel in this civil action over life insurance proceeds. *See MacPherson-Pomeroy v. N. Am. Co. for Life & Health Ins.*, No. 1:20-cv-00092-DAD-BAM, 2022 WL 1063039, at 5 (E.D. Cal. Apr. 8, 2022), amended, No. 1:20-cv-00092-ADA-BAM, 2022 WL 15523656 (E.D. Cal. Oct. 27, 2022). Second, Lupe Flores has not demonstrated indigency. Third, the Court finds the facts of the case are not exceptional such as to warrant appointment of counsel. *See id.* Lupe Flores has not identified a source of authority for the Court to grant her motion. Accordingly, her motions to appoint counsel (Docs. 50, 55) are denied.

### b. Request for *Ex Parte* Competency Hearing

In her filings (Docs. 54, 55), Lupe Flores notes that she, her daughter (presumably Dawn Harris), and her neurologist have availability to attend a conference. She states that, "however, trying to speak in front of several people is impossible for me, the parts of my brain that control my speech have been severely impacted by my disease …" (Doc. 54 at 1-2). As such, the Court construes Lupe Flores' filings as requests for an *ex parte* competency hearing.

Under Federal Rule of Civil Procedure 17(c), a district court must hold a competency hearing "when substantial evidence of incompetence is presented." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005). The Ninth Circuit has not clearly stated what constitutes "substantial evidence" of incompetence warranting such a hearing. *See Hoang Minh Tran v. Gore*, No. 10CV464-GPC DHB, 2013 WL 1625418, at 3 (S.D. Cal. Apr. 15, 2013). However, the Ninth Circuit has indicated that sworn declarations from the allegedly incompetent litigant, sworn declarations or letters from treating psychiatrists or psychologists, and medical records may be considered in this regard. *See Allen*, 408 F.3d at 1152–54; *see also Hoang Minh Tran*, 2013 WL 1625418, at 3. Such evidence must speak to the court's concern as to whether the person in

4

question is able to meaningfully take part in the proceedings. *See AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1050 (E.D. Cal. 2015) (citing *In re Christina B.*, 19 Cal. App. 4th 1441, 1450 (1993)).

Despite the Court's attempt to direct Lupe Flores to make available to the Court more-detailed medical records and a medical professional to provide testimony concerning her alleged medical condition, Lupe Flores has not complied. Specifically, in its order setting mandatory status conference, the Court directed: "if a renewed application for appointment of guardian ad litem is filed prior to the status conference, **the proposed guardian ad litem must appear at the conference, as should any medical providers that can answer the Court's questions regarding Lupe Flores' proffered medical condition, so as to be informed regarding any incompetency determination**." (Doc. 49 at 4) (emphasis added). Her most recent filing includes a one-page letter from physician assistant Abbie Connoy Eaton, dated November 11, 2024, providing a brief medical diagnosis and description. (Doc. 55 at 2). Insofar as Lupe Flores seeks an *ex parte* competency hearing under Federal Rule of Civil Procedure 17, she has both (1) failed to supply substantial evidence of incompetence as required under the rule and (2) failed to provide any authority supporting the proposition that the Court can hold a competency hearing on an *ex parte* basis.

Accordingly, the request is denied.

### c. Response to Order to Show Cause

Separately, the Court will address Lupe Flores' response to the Court's order to show cause. (Doc. 54). In her response, Lupe Flores repeats (through Dawn Harris) statements made in prior filings. Namely, she represents she has a medical diagnosis that interferes with her processing of language and understanding. She provides that she cannot speak in front of people, due to this diagnosis and resulting anxiety. She states that her daughter (presumably Lupe Flores' power of attorney, Dawn Harris) was away on honeymoon during the day of the status conference. She states that she can no longer use a computer and did not know what the video-conference meeting link (presumably the link supplied by the Court to remotely attend the status conference) was for. *Id.* at 1.

Lupe Flores provides that she, her daughter, and/or her neurologist can speak to the Court in private, which her daughter can arrange. She states she had an appointment with her neurologist on November 8, 2024 for a more detailed letter explaining her diagnosis to the Court and her resulting inability to represent herself. She asks for additional time to acquire both the letter and accompanying test results from her neurologist to provide to the Court. *Id.* at 2. She attaches to her response a brief undated letter from Atrium Health in Winston Salem, North Carolina, repeating a diagnosis of logopenic primary progressive aphasia, signed off by Victoria R. Shada. *Id.* at 3. She also attaches documents from the Social Security Administration (*id.* at 4-8) and the Mayo Clinic (*id.* at 9-15) describing the condition. In her subsequent filing on November 25, 2024, she attaches a one-page letter from physician assistant Abbie Connoy Eaton, dated November 11, 2024, providing a brief medical diagnosis and description. (Doc. 55 at 2).

As discussed above, on September 5, 2024, the Court set and ordered the parties (and their representatives) to appear for status conference on October 23, 2024, to address the issues at the heart of Lupe Flores' purported incompetency and requests for guardian ad litem and appointment of counsel. The Court directed the parties to inform the Court in advance of any conflicts that would prevent them from appearing. Thus, notwithstanding that Lupe Flores and Dawn Harris had considerable time in advance of the status conference to inform the Court of any scheduling conflicts with the Court's appointed date, they failed to appear because, as they describe in their response to the show cause order, Dawn Harris was away on honeymoon. Had the Court been notified of any such conflict, such as Dawn Harris' honeymoon, the Court could have continued the date of the conference to accommodate Lupe Flores and Dawn Harris' schedules.

Lupe Flores and Dawn Harris' continuing failure to comply with the Court's orders to, among other things, file an application for appointment of guardian ad litem that complies with the applicable legal standards, has prejudiced not only Cross-Plaintiff Molina, but also, this Court in its ability to manage its docket.

Though the Court determines that sanctions would be appropriate at this point, as a final allowance to Lupe Flores, the Court will set a status conference for the purposes of (1)

ascertaining whether Lupe Flores is incompetent under Federal Rule of Civil Procedure 17, and, if so, (2) appointing a properly nominated guardian ad litem.

### d. Order Setting Mandatory Status Conference and Directing Compliant Motion for Guardian Ad Litem

The Court sets a mandatory status conference on Wednesday, January 15, 2025, at 10:30 a.m. **The parties shall appear. To the extent Lupe Flores seeks from the Court a determination of her competency, she shall make available at the status conference her power of attorney (Dawn Harris), Lupe Flores' treating neurologist or another medical provider who can testify competently regarding her diagnosis, and any other individual she chooses to nominate as her guardian ad litem if she does not nominate Dawn Harris.**

The Court will direct Lupe Flores to file a compliant application for guardian ad litem in advance of the status conference. The Court again directs Lupe Flores to review Local Rule 202 of this Court. In particular, any motion for guardian ad litem must contain a signed declaration or affidavit from the proposed individual to be appointed as guardian ad litem. The declaration must state the proposed guardian ad litem does not have any conflicts of interest with the person for whom they will serve as guardian ad litem for.

**The Court cautions Lupe Flores that this is the final such inquiry the Court will conduct in an effort to gain her compliance with this Court's orders. If she, her power of attorney Dawn Harris, her treating neurologist or other medical provider, or any other proposed guardian ad litem fail to attend, the Court will impose sanctions**.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, it is HEREBY ORDERED:

1. Lupe Flores' third and fourth renewed motions for appointment of guardian ad litem and renewed and second renewed motions for appointment of counsel (Docs. 50, 55) are DENIED WITHOUT PREJUDICE;

2. The Court's order to show cause (Doc. 52) is DISCHARGED;

3. The parties and all relevant witnesses as addressed above shall appear for status conference on **Wednesday, January 15, 2025, at 10:30 a.m.** The parties shall appear at

7

the conference remotely via Zoom video conference, and counsel may obtain the Zoom ID and password from the Courtroom Deputy (Cori Boren, cboren@caed.uscourts.gov) prior to the conference; and

4. **By no later than January 8, 2025**, Lupe Flores SHALL FILE a compliant motion for appointment of guardian ad litem with an accompanying declaration signed by the proposed guardian ad litem, attesting they have no conflicts of interest with Lupe Flores.

**Failure to comply with this order will result in the imposition of sanctions**.

IT IS SO ORDERED.

Dated:   **December 12, 2024**                          _____
                                                        UNITED STATES MAGISTRATE JUDGE