1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11 METROPOLITAN LIFE INSURANCE COMPANY, | Case No. 1:23-cv-01553-CDB |
| 12 | |
| 13 Plaintiff, | ORDER DENYING CROSS-DEFENDANT'S RENEWED MOTIONS FOR APPOINTMENT OF GUARDIAN AD LITEM AND COUNSEL |
| 14 v. | |
| 15 CONCEPCION FLORES MOLINA, | (Doc. 58) |
| 16 Defendant/Cross-Plaintiff, | ORDER FINDING CROSS-DEFENDANT INCOMPETENT TO PURSUE THIS ACTION PURSUANT TO FED. R. CIV. P. 17 |
| 17 v. | |
| 18 LUPE C. FLORES, | ORDER STAYING PROCEEDINGS AND DIRECTING PERIODIC CASE MANAGEMENT REPORTS |
| 19 | |
| 20 Defendant/Cross-Defendant. | **90-Day Deadline** |
| 21 | |

22     On January 17, 2025, the Court held a competency hearing as to Cross-Defendant Lupe C.

23 Flores.  Thereafter, the Court took the matter under submission. For the reasons set forth below,

24 the Court finds Lupe Flores incompetent to pursue this action on her own behalf. The Court will

25 order these proceedings stayed and direct Lupe Flores to file periodic case management reports.

26     **I.  GOVERNING LAW**

27     The standard for determining competency is supplied by the law of the plaintiff's

28 domicile. *See* Fed. R. Civ. P. 17(b)(1). Under California law, a party is incompetent "if he or she

1    lacks the capacity to understand the nature or consequences of the proceeding, or is unable to

2    assist counsel in the preparation of the case." *Golden Gate Way, LLC v. Stewart*, No. C 09–04458

3    DMR, 2012 WL 4482053, *2 (N.D. Cal. Sept. 28, 2012) (citing *In re Jessica G.*, 93 Cal. App. 4th

4    1180, 1186 (2001)); *see* Cal. Civ. Proc. Code § 372 ("When … a person who lacks legal capacity

5    to make decisions … is a party, that person shall appear either by a guardian or conservator of the

6    estate or by a guardian ad litem[.]"). Typically, "a guardian will not be appointed for an adult

7    unless the person gives consent or upon notice and a hearing." *Jurgens v. Dubendorf*, No. 2:14-

8    CV-2780-KJM-DAD, 2015 WL 6163464, at *3 (E.D. Cal. Oct. 19, 2015); *accord Golden Gate*

9    *Way*, 2012 WL 4482053, *3 (relying on medical records and the Court's observations of the party

10   at a hearing to conclude he did not have the capacity to participate in the litigation in any

11   meaningful fashion).

12          Under Rule 17(c), a district court must hold a competency hearing "when substantial

13   evidence of incompetence is presented." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005);

14   *see Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003) (explaining that

15   "due process considerations attend an incompetency finding and the subsequent appointment of a

16   guardian ad litem"); *Thomas v. Humfield*, 916 F.2d 1032, 1034 (5th Cir. 1990) (observing that the

17   appointment of a guardian ad litem implicates due process concerns because it deprives a litigant

18   of the right to control litigation and subjects them to possible stigmatization). The Ninth Circuit

19   has not clearly stated what constitutes "substantial evidence" of incompetence warranting such a

20   hearing. *See Hoang Minh Tran v. Gore*, No. 10cv464–GPC (DHB), 2013 WL 1625418, at *3

21   (S.D. Cal. April 15, 2013). However, the Ninth Circuit has indicated that sworn declarations from

22   the allegedly incompetent litigant, sworn declarations or letters from treating psychiatrists or

23   psychologists, and medical records may be considered in this regard. *See Allen*, 408 F.3d at 1152–

24   54; *see also Hoang Minh Tran*, 2013 WL 1625418, at *3. Such evidence must speak to the

25   court's concern as to whether the person in question is able to meaningfully take part in the

26   proceedings. *See AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1042 (E.D. Cal. 2015).

27   Under California law, the standard of relevance for purposes of weighing incompetency is viewed

28

2

1    broadly and a trial judge must "clearly bring out the facts." *In re Conservatorship of Pamela J.*,

2    133 Cal. App. 4th 807, 827 (2005).

3        "A[n] incompetent person who does not have a duly appointed representative may sue by

4    a next friend or by guardian ad litem. The court must appoint a guardian ad litem—or issue

5    another appropriate order—to protect a minor or incompetent person who is unrepresented in an

6    action." Fed. R. Civ. P. 17(c)(2). Within its obligation of assessing competency, a district court

7    has broad discretion to determine the suitability of appointing a guardian ad litem. *See United

8    States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986). Thus, "[if] the court determines

9    that a pro se litigant is incompetent, the court generally should appoint a guardian ad litem under

10   Rule 17(c)." *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014). "If another order would

11   sufficiently protect the incompetent person's interests in the litigation in lieu of a guardian, the

12   court may enter such an order." *Id.*

13       "[N]otwithstanding the incompetency of a party, the guardian may make binding contracts

14   for the retention of counsel and expert witnesses and may settle the claim on behalf of his ward."

15   *30.64 Acres of Land*, 795 F.2d at 805. However, a guardian ad litem who is not an attorney must

16   be represented by counsel in order to litigate a case on another's behalf. *See Johns v. Cnty. of San

17   Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d

18   1116, 1127 (9th Cir. 2007) (explaining the right to proceed pro se is personal to the litigant).

19   **II. DISCUSSION**

20       **a.  Cross-Defendant Lupe Flores' Filings and Declarations**

21       On March 25, 2024, Lupe Flores filed a motion for appointment of guardian ad litem.

22   (Doc. 31). The motion attached a letter, dated January 15, 2024, from physician Peter Thomas

23   Leistikow in Winston Salem, North Carolina, explaining that Lupe Flores was seen on December

24   22, 2023, in regards to memory changes from a "possible neurocognitive disorder. She is pending

25   additional testing and workup." *Id.* at 5. On April 19, 2024, the Court denied the motion without

26   prejudice on three grounds: (1) the motion failed to provide substantial evidence of incompetence;

27   (2) the motion failed to show efforts to confer with Cross-Plaintiff Concepcion Molina and

28   indicate in the application whether Concepcion Molina concurs or objects to the proposed

Case 1:23-cv-01553-CDB    Document 61    Filed 03/10/25    Page 4 of 9

appointment; and (3) the motion failed to identify potential candidates willing to be appointed as guardian ad litem and include their sworn attestations that they did not have conflicts of interest, as required by Local Rule 202. *See* (Doc. 33).

On July 8, 2024, Lupe Flores filed a renewed motion for appointment of guardian ad litem. (Doc. 39). The motion attached progress notes from Dr. Leistikow, dated June 27, 2024, representing that a neuropsychological assessment done on Lupe Flores on June 10, 2024, showed "moderate deficits across multiple cognitive domains," including learning, retrieval, speed processing, and language, consistent with "mild vascular neurocognitive disorder." *Id.* at 4. Dr. Leistikow provides that he suggested they pursue formal legal representation in the instant action, but Lupe Flores stated it was not financially possible at the time. *Id.* at 4. On July 19, 2024, Lupe Flores filed a supplement to her motion stating that she has moderate vascular dementia and dyslexia. (Doc. 45). It is signed by both Lupe Flores and Dawn Harris. *Id.* at 1. A durable power of attorney, consisting of 21 pages, attached to the supplemental filing represents that Dawn Harris is Lupe Flores' attorney-in-fact. *Id.* at 2-22. It is stamped and signed by notary public Julie R. Whatley. *Id.* at 22. On August 1, 2024, the Court denied the motion without prejudice on the grounds that points (2) and (3) above still had not been remedied. (Doc. 46). The Court directed that its order be served on Dawn Harris. *Id.* at 4.

On August 26, 2024, Lupe Flores filed a second renewed motion for appointment of guardian ad litem and motion for appointment of counsel. (Doc. 48). This motion was signed by both Lupe Flores and Dawn Harris. *Id.* at 1. The motion attached a one-page undated and unsigned letter from Victoria R. Shada. It did not establish Dr. Shada's status as a healthcare professional, lacking any title for her, nor her relationship to Lupe Flores. The letter stated that Lupe Flores has "logopenic primary progressive aphasia," a type of dementia that affects language abilities and makes it "incredibly difficult, and ultimately impossible, for someone to articulate his or herself clearly and accurately … She has had this condition for a minimum of three years, if not longer." *Id.* at 2. Also attached to the motion was a two-page pamphlet published by the Judicial Council of California regarding accommodations under the Americans With Disabilities Act for court activities, programs, and services. *Id.* at 3-4. The Court denied the

motion without prejudice on the grounds that Lupe Flores had again failed to remedy the

deficiencies of the prior motion, namely points (2) and (3) above. In that same order, the Court set

a mandatory status conference for October 23, 2024, invited Dawn Harris to appear, invited the

parties to confer and notify the Court of any conflicts of availability to attend the conference, and

directed service of the order on Dawn Harris. (Doc. 49).

   In advance of the noticed hearing, on October 10, 2024, Lupe Flores filed a third renewed

motion for appointment of guardian ad litem and a renewed motion to appoint counsel. (Doc. 50).

Like her prior motion, this third motion was signed by both Lupe Flores and Dawn Harris. The

motion attached a one-page undated letter from Victoria R. Shada, substantially similar to the one

attached to the previous motion (*see supra*). *Id.* at 3. In the motion, neither Lupe Flores nor Dawn

Harris represented they were unable to attend the mandatory status conference scheduled for

October 23, 2024. On October 23, 2024, Concepcion Molina and her counsel Eric Leroy appeared

for the conference. Neither Lupe Flores nor Dawn Harris, nor any representative acting on their

behalf, appeared for the status conference. (Doc. 51).

   Following her failure to appear at the mandatory status conference, the Court ordered

Lupe Flores to show cause in writing why she should not be sanctioned. (Doc. 52). Lupe Flores

filed her response to the order to show cause on November 6, 2024, signed by both her and Dawn

Harris. (Doc. 54). In her response, she stated that she cannot speak in front of other people

because of anxiety and that her daughter (presumably her power of attorney, Dawn Harris) was

on honeymoon and out of state. She stated that, due to her medical diagnosis, she did not know

what the video link was and what to do. She also sought leave for additional time to file medical

documentation from her neurologist. *Id.* at 1-2. The response attaches a one-page undated letter

from Victoria R. Shada, substantially identical to the prior such letters, only with what appear to

be highlights on text naming the medical condition and its effects. *Id.* at 3. The response also

attaches a document from the Social Security Administration, titled "Program Operations Manual

System," with contains information relating to "primary progressive aphasia." *Id.* at 4-15.

   On November 25, 2024, Lupe Flores filed a fourth renewed motion for appointment of

guardian ad litem and a second renewed motion for appointment of counsel. (Doc. 55). This

motion, too, was signed by both Lupe Flores and Dawn Harris. The motion attached a letter from physician assistant Abbie Connoy Eaton, detailing a condition of logopenic primary progressive aphasia and discussing an abnormal cognitive test score by Lupe Flores, as well as identifying the impacts her diagnosis may have on her ability to speak, comprehend, and retrieve words. The letter states Lupe Flores "has had this condition for a minimum of three years, if not longer, and it will continue to get worse over time … she is not able to represent herself in court." *Id.* at 55.

On December 12, 2024, the Court denied Lupe Flores' fourth renewed motion for appointment of guardian ad litem and second renewed motion for appointment of counsel for reasons substantially similar to prior denials. Additionally, the Court set a mandatory hearing to determine Lupe Flores' competency, directing Lupe Flores to make available Dawn Harris, her treating neurologist or another medical provider who can testify regarding her diagnosis, and any other individual she chooses to nominate as guardian ad item, if not Dawn Harris. In advance of the hearing, the Court directed Lupe Flores to file a motion for appointment of guardian ad litem that complies with the Local Rules of the Court. (Doc. 56).

On January 16, 2025, Lupe Flores filed her fifth renewed motion for appointment of guardian ad litem and third renewed motion for appointment of counsel. (Doc. 58). Substantially similar to prior motions, it is signed by both Lupe Flores and Dawn Harris. It attaches a letter from Victoria R. Shada, representing her as a physician with a specialty in geriatrics, and provides that Lupe Flores has been under Dr. Shada's care since August 2024, that she "has a diagnosis of dementia due to primary progressive aphasia" that has "progressed to the stage where *she can no longer understand even simple questions nor one-step instructions*," and that it is Dr. Shada's professional opinion that Lupe Flores cannot make "*informed and independent medical, legal and financial decisions*." *Id.* at 3 (emphasis added).

The letter is marked as "[e]lectronically signed" on December 13, 2024. *Id.* Also attached to the motion is a form from the Central District of California requesting accommodations for trial participants with disabilities (form G-122). The form is signed by both Lupe Flores and Dawn Harris and seeks appointment of a guardian ad litem. *Id.* at 6. Additionally, the motion attaches a scanned printout of an email from dawnharris347@gmail.com to "access_coordinator,"

appearing to attach the aforementioned Central District form and Dawn Harris' power of attorney; hand-written on the document are the words "Sent 9 Jan 25." *Id.* at 7. Lastly, the motion attaches the same two-page pamphlet published by the Judicial Council of California regarding accommodations under the Americans with Disabilities Act as was attached to Lupe Flores' second renewed motion. *Id.* at 8-9.

**b.  Competency Hearing**

On January 17, 2025, the Court held the aforementioned competency hearing. (Doc. 59). Lupe Flores and Dawn Harris appeared by videoconference from North Carolina. Concepcion Molina appeared by telephone and her counsel Eric Leroy appeared by videoconference. The Court directed its inquiries to Lupe Flores' and sought additional information from her concerning her medical diagnosis and symptoms and affects, particularly in regards to her ability to represent herself in this action. The Court also examined Dawn Harris regarding her willingness and ability to serve as guardian ad litem. Ms. Harris informed the Court that she would not serve as guardian ad litem for Lupe Flores for various personal reasons, which are preserved on the record.

Finally, the Court sought input from Concepcion Molina and her counsel. The Court informed the parties that the matter was submitted, with an order to follow.

**c.  Analysis**

The Court has considered the declarations of Lupe Flores, the medical letters proffered, and the testimony elicited from her and Dawn Harris during the competency hearing and concludes that the showing supports a finding of incompetency. Lupe Flores' diagnosis of logopenic primary progressive aphasia is a mental impairment that significantly limits her communication skills and, as represented by her medical providers in the proffered letters, adversely impacts her ability to understand and make informed decisions. As such, Lupe Flores' showing is sufficient to establish that she is unable to assist in the preparation of her case. *See Robbins v. Mscripts, LLC*, No. 23-CV-01381-LB, 2023 WL 4205773, at *3 (N.D. Cal. June 27, 2023) ("Here, a preponderance of the evidence supports finding the plaintiff incompetent. Ms. Robbins' declarations show that the plaintiff 'was diagnosed with brain disease and dementia,'

1    which 'creates a mental impairment which significantly limits any decision making.' This shows

2    that he is unable to assist counsel in the preparation of this case."); *DeMaria v. Yolo Cnty.*

3    *Sheriff's Off.*, No. 2:23-CV-01798-KJM-KJN, 2023 WL 7092232, at *2 (E.D. Cal. Oct. 26, 2023)

4    (finding incompetency where co-plaintiff "submitted a declaration stating her husband is

5    incompetent due to dementia … describ[ing] a lack of memory and illogical anxiety," where

6    counsel submitted a declaration stating he "has witnessed [husband's] health, memory and

7    cognitive abilities decline," and physician submitted letter confirming "dementia and cognitive

8    difficulties") (internal citations omitted); *Byrd on behalf of Byrd v. United States*, No. 1:20-CV-

9    03090-LMM, 2021 WL 5033826, at *5 (N.D. Ga. July 19, 2021) (finding plaintiff incompetent

10   where physician's letter represented that plaintiff "continues to experience aphasia, memory

11   deficits, and impaired comprehension" and that the aphasia "affects all language modalities with

12   severely impaired comprehension" and that plaintiff "lacks sufficient ability to comprehend and

13   communicate responsible decisions concerning his person").

14        The Court has inquired with the Pro Bono Coordinator for the Eastern District of

15   California regarding this action – particularly as to availability of individuals for appointment of

16   guardian ad litem or counsel, including as to pro bono attorneys, law school programs, bar

17   associations, or other relevant organizations. Additionally, the Court has contacted the Ninth

18   Circuit Pro Bono Program Coordinator, the North Carolina Pro Bono Resource Center, a

19   statewide legal aid organization within North Carolina, a law school clinical program within the

20   state, as well as state and county-level government services. To date, the Court has been unable to

21   locate any individuals willing serve to as guardian ad litem or as counsel.

22        For the foregoing reasons, the Court will stay the action and require periodic case

23   management reports. Upon locating any individual willing and able to serve as guardian ad litem

24   or counsel, the Court will appoint them. Lupe Flores may renew her motion for appointment of

25   guardian ad litem at any time if she identifies an individual willing to serve as such.

26   ///

27   ///

28   ///

**III. CONCLUSION AND ORDER**

Accordingly, the Court HEREBY ORDERS that:

1. This action is STAYED;

2. Cross-Defendant Lupe Flores SHALL RE-FILE a motion for appointment of guardian ad litem upon her identification of a suitable individual willing to serve as guardian ad litem, with any such application complying with Local Rule 202 and this Court's prior orders denying her earlier applications; and

3. Cross-Defendant Lupe Flores is DIRECTED to file a status report **every 90 days** from the date of service of this order addressing the status of her medical condition and diagnoses, her search for a guardian ad litem, and any other relevant matters.

IT IS SO ORDERED.

Dated:   **March 10, 2025**                    _____

UNITED STATES MAGISTRATE JUDGE