UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>    v.<br><br>CONCEPCION FLORES MOLINA,<br><br>          Defendant/Cross-Plaintiff,<br><br>    v.<br><br>LUPE C. FLORES,<br><br>          Defendant/Cross-Defendant. | Case No. 1:23-cv-01553-CDB<br><br>ORDER DENYING CROSS-DEFENDANT'S RENEWED MOTIONS FOR APPOINTMENT OF GUARDIAN AD LITEM AND COUNSEL<br><br>(Doc. 58)<br><br>AMENDED ORDER FINDING CROSS-DEFENDANT INCOMPETENT TO PURSUE THIS ACTION PURSUANT TO FED. R. CIV. P. 17[1]<br><br>ORDER STAYING PROCEEDINGS AND DIRECTING PERIODIC CASE MANAGEMENT REPORTS<br><br>**90-Day Deadline** |

      On January 17, 2025, the Court held a competency hearing as to Cross-Defendant Lupe C. Flores. Thereafter, the Court took the matter under submission. On March 10, 2025, the Court issued its order finding Cross-Defendant Lupe C. Flores incompetent to pursue this action and staying the case. The Court hereby issues an amended order finding Lupe C. Flores incompetent

---

[1] This order amends and replaces the Court's order dated March 10, 2025 (Doc. 61).

to pursue this action under Federal Rule of Civil Procedure 17, staying the case, and directing periodic case management reports.

**I. GOVERNING LAW**

The standard for determining competency is supplied by the law of the individual's domicile. *See* Fed. R. Civ. P. 17(b)(1). The complaint provides that Cross-Defendant Lupe Flores is domiciled in North Carolina. (Doc. 1 at 2). Additionally, her correspondence with the Court contains an address located in North Carolina (Docs. 31 at 3; 39 at 1) as do medical records she has attached to her filings with the Court (*see, e.g.*, Doc. 58 at 3). Accordingly, for purposes of evaluating competency, the Court concludes Lupe Flores is domiciled in North Carolina. *See Tarlton v. Town of Red Springs*, No. 5:15-CV-451-BO, 2017 WL 4782641, at *3 (E.D.N.C. Oct. 23, 2017) ("Although the record is limited on this issue, the Court will presume for the purposes of its determination that at the time this suit was filed in 2015 McCollum was domiciled in North Carolina where he was living at the time.").

North Carolina law defines an incompetent adult as someone "who lacks sufficient capacity to manage the adult's own affairs or to make or communicate important decisions concerning the adult's person, family, or property whether the lack of capacity is due to mental illness, intellectual disability, epilepsy, cerebral palsy, autism, inebriety, senility, disease, injury, or similar cause or condition." *Matter of M.S.E.*, 378 N.C. 40, 44 (quoting N.C. Gen. Stat. § 35A-1101(7)). To find an individual incompetent, "the finder of fact in a state court incompetency adjudication must find by clear, cogent, and convincing evidence that the individual is incompetent." *Nicholson v. Zimmerman*, No. 1:19CV585, 2020 WL 5518701, at *5 (M.D.N.C. Sept. 14, 2020) (quotations omitted; citing N.C. Gen. Stat. § 35A-1112(d)).

The North Carolina Supreme Court interprets "the word [a]ffairs to encompass a person's entire property and business and recognizes that [i]ncompetency to administer one's property obviously depends upon the general frame and habit of mind … it is not enough to show that another might manage a man's property more wisely or efficiently than he himself." *Id.* (quotations omitted).

Although a district court must use the law of an individual's domicile when determining their capacity, it need not adopt any procedures required by state law and must meet only the requirements of due process. *In re Ivers*, No. 19-20026-E-13, 2019 WL 6033198, at *8 (Bankr. E.D. Cal. Nov. 8, 2019); *see Tarlton*, 2017 WL 4782641, at *5 ("As discussed above, this Court need not use North Carolina's procedures for determining competency, so long as its procedures comport with due process."). Under Rule 17(c), a district court must hold a competency hearing "when substantial evidence of incompetence is presented." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005); *see Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003) (explaining that "due process considerations attend an incompetency finding and the subsequent appointment of a guardian ad litem"); *Thomas v. Humfield*, 916 F.2d 1032, 1034 (5th Cir. 1990) (observing that the appointment of a guardian ad litem implicates due process concerns because it deprives a litigant of the right to control litigation and subjects them to possible stigmatization).

The Ninth Circuit has not clearly stated what constitutes "substantial evidence" of incompetence warranting such a hearing. *See Hoang Minh Tran v. Gore*, No. 10cv464–GPC (DHB), 2013 WL 1625418, at *3 (S.D. Cal. April 15, 2013). However, the Ninth Circuit has indicated that sworn declarations from the allegedly incompetent litigant, sworn declarations or letters from treating psychiatrists or psychologists, and medical records may be considered in this regard. *See Allen*, 408 F.3d at 1152–54; *see also Hoang Minh Tran*, 2013 WL 1625418, at *3. Such evidence must speak to the court's concern as to whether the person in question is able to meaningfully take part in the proceedings. *See AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1042 (E.D. Cal. 2015).

"A[n] incompetent person who does not have a duly appointed representative may sue by a next friend or by guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). As opposed to a determination of competency, "a district court's decision whether to appoint a guardian ad litem is purely procedural and wholly uninformed by state law." *In re Ivers*, 2019 WL 6033198, at *9.

1    Within its obligation of assessing competency, a district court has broad discretion to
2    determine the suitability of appointing a guardian ad litem. *See United States v. 30.64 Acres of*
3    *Land*, 795 F.2d 796, 805 (9th Cir. 1986). Thus, "[if] the court determines that a pro se litigant is
4    incompetent, the court generally should appoint a guardian ad litem under Rule 17(c)." *Davis v.*
5    *Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014). "If another order would sufficiently protect the
6    incompetent person's interests in the litigation in lieu of a guardian, the court may enter such an
7    order." *Id.*

8    "[N]otwithstanding the incompetency of a party, the guardian may make binding contracts
9    for the retention of counsel and expert witnesses and may settle the claim on behalf of his ward."
10   *30.64 Acres of Land*, 795 F.2d at 805. However, a guardian ad litem who is not an attorney must
11   be represented by counsel in order to litigate a case on another's behalf. *See Johns v. Cnty. of San*
12   *Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d
13   1116, 1127 (9th Cir. 2007) (explaining the right to proceed pro se is personal to the litigant).

14   **II. DISCUSSION**

15       **a. Cross-Defendant Lupe Flores' Filings and Declarations**

16   On March 25, 2024, Lupe Flores filed a motion for appointment of guardian ad litem.
17   (Doc. 31). The motion attached a letter, dated January 15, 2024, from physician Peter Thomas
18   Leistikow in Winston Salem, North Carolina, explaining that Lupe Flores was seen on December
19   22, 2023, in regards to memory changes from a "possible neurocognitive disorder. She is pending
20   additional testing and workup." *Id.* at 5. On April 19, 2024, the Court denied the motion without
21   prejudice on three grounds: (1) the motion failed to provide substantial evidence of incompetence;
22   (2) the motion failed to show efforts to confer with Cross-Plaintiff Concepcion Molina and
23   indicate in the application whether Concepcion Molina concurs or objects to the proposed
24   appointment; and (3) the motion failed to identify potential candidates willing to be appointed as
25   guardian ad litem and include their sworn attestations that they did not have conflicts of interest,
26   as required by Local Rule 202. *See* (Doc. 33).

27   On July 8, 2024, Lupe Flores filed a renewed motion for appointment of guardian ad
28   litem. (Doc. 39). The motion attached progress notes from Dr. Leistikow, dated June 27, 2024,

representing that a neuropsychological assessment done on Lupe Flores on June 10, 2024, showed "moderate deficits across multiple cognitive domains," including learning, retrieval, speed processing, and language, consistent with "mild vascular neurocognitive disorder." *Id.* at 4. Dr. Leistikow provides that he suggested they pursue formal legal representation in the instant action, but Lupe Flores stated it was not financially possible at the time. *Id.* at 4. On July 19, 2024, Lupe Flores filed a supplement to her motion stating that she has moderate vascular dementia and dyslexia. (Doc. 45). It is signed by both Lupe Flores and Dawn Harris. *Id.* at 1. A durable power of attorney, consisting of 21 pages, attached to the supplemental filing represents that Dawn Harris is Lupe Flores' attorney-in-fact. *Id.* at 2-22. It is stamped and signed by notary public Julie R. Whatley. *Id.* at 22. On August 1, 2024, the Court denied the motion without prejudice on the grounds that points (2) and (3) above still had not been remedied. (Doc. 46). The Court directed that its order be served on Dawn Harris. *Id.* at 4.

On August 26, 2024, Lupe Flores filed a second renewed motion for appointment of guardian ad litem and motion for appointment of counsel. (Doc. 48). This motion was signed by both Lupe Flores and Dawn Harris. *Id.* at 1. The motion attached a one-page undated and unsigned letter from Victoria R. Shada. It did not establish Dr. Shada's status as a healthcare professional, lacking any title for her, nor her relationship to Lupe Flores. The letter stated that Lupe Flores has "logopenic primary progressive aphasia," a type of dementia that affects language abilities and makes it "incredibly difficult, and ultimately impossible, for someone to articulate his or herself clearly and accurately … She has had this condition for a minimum of three years, if not longer." *Id.* at 2. Also attached to the motion was a two-page pamphlet published by the Judicial Council of California regarding accommodations under the Americans With Disabilities Act for court activities, programs, and services. *Id.* at 3-4. The Court denied the motion without prejudice on the grounds that Lupe Flores had again failed to remedy the deficiencies of the prior motion, namely points (2) and (3) above. In that same order, the Court set a mandatory status conference for October 23, 2024, invited Dawn Harris to appear, invited the parties to confer and notify the Court of any conflicts of availability to attend the conference, and directed service of the order on Dawn Harris. (Doc. 49).

In advance of the noticed hearing, on October 10, 2024, Lupe Flores filed a third renewed motion for appointment of guardian ad litem and a renewed motion to appoint counsel. (Doc. 50). Like her prior motion, this third motion was signed by both Lupe Flores and Dawn Harris. The motion attached a one-page undated letter from Victoria R. Shada, substantially similar to the one attached to the previous motion (*see supra*). *Id.* at 3. In the motion, neither Lupe Flores nor Dawn Harris represented they were unable to attend the mandatory status conference scheduled for October 23, 2024. On October 23, 2024, Concepcion Molina and her counsel Eric Leroy appeared for the conference. Neither Lupe Flores nor Dawn Harris, nor any representative acting on their behalf, appeared for the status conference. (Doc. 51).

Following her failure to appear at the mandatory status conference, the Court ordered Lupe Flores to show cause in writing why she should not be sanctioned. (Doc. 52). Lupe Flores filed her response to the order to show cause on November 6, 2024, signed by both her and Dawn Harris. (Doc. 54). In her response, she stated that she cannot speak in front of other people because of anxiety and that her daughter (presumably her power of attorney, Dawn Harris) was on honeymoon and out of state. She stated that, due to her medical diagnosis, she did not know what the video link was and what to do. She also sought leave for additional time to file medical documentation from her neurologist. *Id.* at 1-2. The response attaches a one-page undated letter from Victoria R. Shada, substantially identical to the prior such letters, only with what appear to be highlights on text naming the medical condition and its effects. *Id.* at 3. The response also attaches a document from the Social Security Administration, titled "Program Operations Manual System," with contains information relating to "primary progressive aphasia." *Id.* at 4-15.

On November 25, 2024, Lupe Flores filed a fourth renewed motion for appointment of guardian ad litem and a second renewed motion for appointment of counsel. (Doc. 55). This motion, too, was signed by both Lupe Flores and Dawn Harris. The motion attached a letter from physician assistant Abbie Connoy Eaton, detailing a condition of logopenic primary progressive aphasia and discussing an abnormal cognitive test score by Lupe Flores, as well as identifying the impacts her diagnosis may have on her ability to speak, comprehend, and retrieve words. The letter states Lupe Flores "has had this condition for a minimum of three years, if not longer, and it

6

1 | will continue to get worse over time … she is not able to represent herself in court." *Id.* at 55.

2 |     On December 12, 2024, the Court denied Lupe Flores' fourth renewed motion for
3 | appointment of guardian ad litem and second renewed motion for appointment of counsel for
4 | reasons substantially similar to prior denials. Additionally, the Court set a mandatory hearing to
5 | determine Lupe Flores' competency, directing Lupe Flores to make available Dawn Harris, her
6 | treating neurologist or another medical provider who can testify regarding her diagnosis, and any
7 | other individual she chooses to nominate as guardian ad item, if not Dawn Harris. In advance of
8 | the hearing, the Court directed Lupe Flores to file a motion for appointment of guardian ad litem
9 | that complies with the Local Rules of the Court. (Doc. 56).

10 |     On January 16, 2025, Lupe Flores filed her fifth renewed motion for appointment of
11 | guardian ad litem and third renewed motion for appointment of counsel. (Doc. 58). Substantially
12 | similar to prior motions, it is signed by both Lupe Flores and Dawn Harris. It attaches a letter
13 | from Victoria R. Shada, representing her as a physician with a specialty in geriatrics, and
14 | provides that Lupe Flores has been under Dr. Shada's care since August 2024, that she "has a
15 | diagnosis of dementia due to primary progressive aphasia" that has "progressed to the stage
16 | where *she can no longer understand even simple questions nor one-step instructions*," and that it
17 | is Dr. Shada's professional opinion that Lupe Flores cannot make "*informed and independent
18 | medical, legal and financial decisions*." *Id.* at 3 (emphasis added).

19 |     The letter is marked as "[e]lectronically signed" on December 13, 2024. *Id.* Also attached
20 | to the motion is a form from the Central District of California requesting accommodations for
21 | trial participants with disabilities (form G-122). The form is signed by both Lupe Flores and
22 | Dawn Harris and seeks appointment of a guardian ad litem. *Id.* at 6. Additionally, the motion
23 | attaches a scanned printout of an email from dawnharris347@gmail.com to "access_coordinator,"
24 | appearing to attach the aforementioned Central District form and Dawn Harris' power of attorney;
25 | hand-written on the document are the words "Sent 9 Jan 25." *Id.* at 7. Lastly, the motion attaches
26 | the same two-page pamphlet published by the Judicial Council of California regarding
27 | accommodations under the Americans with Disabilities Act as was attached to Lupe Flores'
28 | second renewed motion. *Id.* at 8-9.

### b. Competency Hearing

On January 17, 2025, the Court held the aforementioned competency hearing. (Doc. 59). Lupe Flores and Dawn Harris appeared by videoconference from North Carolina. Concepcion Molina appeared by telephone and her counsel Eric Leroy appeared by videoconference. The Court directed its inquiries to Lupe Flores and sought additional information from her concerning her medical diagnosis and symptoms and affects, particularly in regards to her ability to represent herself in this action. The Court also examined Dawn Harris regarding her willingness and ability to serve as guardian ad litem. Ms. Harris informed the Court that she would not serve as guardian ad litem for Lupe Flores for various personal reasons, which are preserved on the record.

Finally, the Court sought input from Concepcion Molina and her counsel. The Court informed the parties that the matter was submitted, with an order to follow.

### c. Analysis

The Court has considered the declarations of Lupe Flores, the medical letters proffered, and the testimony elicited from her and Dawn Harris during the competency hearing and concludes that the showing supports a finding of incompetency. Lupe Flores' diagnosis of logopenic primary progressive aphasia is a mental impairment that significantly limits her communication skills and, as represented by her medical providers in the proffered letters, adversely impacts her ability to understand and make informed decisions as to her own affairs. *See, e.g.*, *Tarlton*, 2017 WL 4782641, at *6 (holding numerous factors evidenced incompetence under North Carolina law, including frontal lobe impairment and doctor's report finding plaintiff "generally needing support to make health and legal decisions"); *Byrd on behalf of Byrd v. United States*, No. 1:20-CV-03090-LMM, 2021 WL 5033826, at *5 (N.D. Ga. July 19, 2021) (finding plaintiff incompetent where physician's letter represented that plaintiff "continues to experience aphasia, memory deficits, and impaired comprehension" and that the aphasia "affects all language modalities with severely impaired comprehension" and that plaintiff "lacks sufficient ability to comprehend and communicate responsible decisions concerning his person").

The Court has inquired with the Pro Bono Coordinator for the Eastern District of California regarding this action – particularly as to availability of individuals for appointment of

guardian ad litem or counsel, including as to pro bono attorneys, law school programs, bar associations, or other relevant organizations. Additionally, the Court has contacted the Ninth Circuit Pro Bono Program Coordinator, the North Carolina Pro Bono Resource Center, a statewide legal aid organization within North Carolina, a law school clinical program within the state, as well as state and county-level government services. To date, the Court has been unable to locate any individuals willing serve to as guardian ad litem or as counsel.

For the foregoing reasons, the Court will stay the action and require periodic case management reports. Upon locating any individual willing and able to serve as guardian ad litem or counsel, the Court will appoint them. Lupe Flores may renew her motion for appointment of guardian ad litem at any time if she identifies an individual willing to serve as such.[2]

### III. CONCLUSION AND ORDER

Accordingly, the Court HEREBY ORDERS that:

1. The renewed motion of Cross-Defendant Lupe Flores for appointment of counsel of guardian ad litem (Doc. 58) is DENIED;
2. This action is STAYED;
3. Cross-Defendant Lupe Flores SHALL RE-FILE a motion for appointment of guardian ad litem upon her identification of a suitable individual willing to serve as guardian ad litem, with any such application complying with Local Rule 202 and this Court's prior orders denying her earlier applications; and
4. Cross-Defendant Lupe Flores is DIRECTED to file a status report **every 90 days** from the date of service of this order addressing the status of her medical condition and diagnoses, her search for a guardian ad litem, and any other relevant matters.

IT IS SO ORDERED.

Dated:   **March 11, 2025**

UNITED STATES MAGISTRATE JUDGE

---

[2] For substantially the same reasons set forth herein and in the Court's prior orders (*see supra*), the Court will deny the renewed motion of Cross-Defendant Lupe Flores for appointment of counsel and guardian ad litem.