UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>       Plaintiff,<br><br>   v.<br><br>CONCEPCION FLORES MOLINA,<br><br>       Defendant/Cross-Plaintiff,<br><br>   v.<br><br>LUPE C. FLORES,<br><br>       Defendant/Cross-Defendant. | Case No. 1:23-cv-01553-CDB<br><br>ORDER DIRECTING SUPPLEMENTAL DECLARATION FOR RENEWED MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM FOR CROSS-DEFENDANT LUPE C. FLORES<br><br>(Doc. 64)<br><br>**OCTOBER 10, 2025, DEADLINE** |

Pending before the Court is a notice from Dawn Harris, power of attorney for Cross-Defendant Lupe C. Flores. (Doc. 64). Ms. Harris represents therein her willingness to be appointed guardian ad litem for her mother, Lupe C. Flores. *See id.*

**I. BACKGROUND**

Lupe Flores has filed six prior motions for appointment of a guardian ad litem, each one denied by the Court, in part because the motions did not identify a person willing and able to serve in the guardian ad litem capacity. *See* (Docs. 31, 39, 48, 50, 55, 58). After a competency hearing

held on January 17, 2025, the Court issued an order on March 11, 2025, finding Lupe Flores incompetent to pursue this action pursuant to Rule 17 of the Federal Rules of Civil Procedure, staying the case, and ordering Lupe Flores to file a status report every 90 days addressing the status of her medical condition and search for a guardian ad litem. (Doc. 62). The Court ordered Lupe Flores to re-file "a motion for appointment of guardian ad litem upon her identification of a suitable individual willing to serve as guardian ad litem, with any such application complying with Local Rule 202 and this Court's prior orders denying her earlier applications." *See id.* at 9.

On September 2, 2025, Dawn Harris, power of attorney for Lupe Flores, filed a document titled "Notice to Judge," in which she states that Lupe Flores has been hospitalized and requests to be appointed guardian ad litem on her behalf. (Doc. 64). Ms. Harris represents that she "will be reaching out to Mr. Knitters office [sic] tomorrow (28 August 2025) as well, letting them know I would like to bring all of this to an end." *Id.* at 1. Attached to the filing are letters from physician Victoria R. Shada discussing Lupe Flores' medical diagnosis (*id.* at 2, 11, 33); a healthcare power of attorney form designating Dawn Harris as Lupe Flores' designated healthcare agent, notarized, and signed by Lupe Flores as well as two witnesses (*id.* at 3-10), a durable power of attorney form designating Dawn Harris as attorney-in-fact, notarized, and signed by Lupe Flores (*id.* at 12-32); and an authorization for release of protected health information form designating Dawn Harris as an authorized recipient for disclosure, notarized, and signed by Lupe Flores (*id.* at 34-36).

**II. GOVERNING AUTHORITY**

Under Rule 17 of the Federal Rules of Civil Procedure, a representative of an incompetent person may litigate on that person's behalf. Fed R. Civ. P. 17(c)(2). "The court is under a 'legal obligation' to consider whether an incompetent person is adequately protected." *Jurgens v. Dubendorf*, No. 2:14-cv-2780-KJM-DAD, 2015 WL 6163464, *3 (E.D. Cal. Oct. 19, 2015) (citing *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986)); accord *Davis v. Walker*, 745 F.3d 1303, 1310 n.6 (9th Cir. 2014).

The appointment of the guardian ad litem is more than a mere formality. *30.64 Acres of Land*, 795 F.2d at 805. A Court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *See id.* (noting, "[a] guardian ad litem is authorized

to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp.3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id.* (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

(a) Appointment of Representative or Guardian.  Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.  See Fed. R. Civ. P. 17(c).

E.D. Cal. Local Rule 202(a).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804.

**III. DISCUSSION**

Here, the Court has already determined Lupe Flores to be incompetent to pursue this action pursuant to Rule 17. *See* Fed. R. Civ. P. 17. Dawn Harris represents her willingness to be appointed as guardian ad litem for Lupe Flores and represents that she will confer with counsel for Cross-Plaintiff Concepcion Flores Molina. *See* (Doc. 64). As such, the Court will construe the filing as a renewed motion for appointment of guardian ad litem for Lupe Flores. Dawn Harris is the daughter of Lupe Flores and presents documents setting forth that she possesses healthcare power-of-attorney and durable power-of-attorney for Lupe Flores.

Thus, the Court will direct Dawn Harris to file a supplemental declaration, signed under penalty of perjury, setting forth (if true) the following: 1) that she has no interests that are in conflict with Lupe Flores; 2) that she could competently testify to the matters concerned and she is qualified to understand and protect the rights of Lupe Flores in this action; and 3) the results of her discussion

with counsel for Cross-Plaintiff, particularly concerning the matter of her appointment as guardian ad litem for Lupe Flores, and whether Cross-Plaintiff is opposed to such appointment.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, it is HEREBY ORDERED that:

1. Dawn Harris, the proposed guardian ad litem for Lupe C. Flores, SHALL FILE a declaration no later than **October 10, 2025**, signed under penalty of perjury, setting forth (if true) the following:
   a. She has no interests that are in conflict with Lupe Flores;
   b. She could competently testify to the matters concerned and she is qualified to understand and protect the rights of Lupe Flores in this action; and
   c. The results of her discussion with counsel for Cross-Plaintiff, particularly concerning the matter of her appointment as guardian ad litem for Lupe Flores, and whether Cross-Plaintiff is opposed to such appointment.
2. The Court's order directing Cross-Defendant Lupe Flores to file a status report every 90 days (Doc. 62) is HEREBY VACATED, to be reset as necessary.

IT IS SO ORDERED.

Dated:   **September 24, 2025**                             _____
                                                            UNITED STATES MAGISTRATE JUDGE