UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>CONCEPCION FLORES MOLINA,<br><br>        Defendant/Cross-Plaintiff,<br><br>    v.<br><br>LUPE C. FLORES,<br><br>        Defendant/Cross-Defendant. | Case No. 1:23-cv-01553-CDB<br><br>ORDER GRANTING RENEWED MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM FOR CROSS-DEFENDANT LUPE C. FLORES<br><br>(Docs. 64, 66)<br><br>**30-Day Deadline** |

Pending before the Court is a notice from Dawn Harris, power of attorney for Cross-Defendant Lupe C. Flores. (Doc. 64). The Court, construing the notice as a renewed motion for appointment of guardian ad litem, directed Dawn Harris to file a supplemental declaration. (Doc. 65). On October 9, 2025, Dawn Harris filed her supplemental declaration. (Doc. 66)

**I. BACKGROUND**

Lupe Flores has filed six prior motions for appointment of a guardian ad litem, each one denied by the Court, in part because the motions did not identify a person willing and able to serve

in the guardian ad litem capacity. *See* (Docs. 31, 39, 48, 50, 55, 58). After a competency hearing held on January 17, 2025, the Court issued an order on March 11, 2025, finding Lupe Flores incompetent to pursue this action pursuant to Rule 17 of the Federal Rules of Civil Procedure, and staying the case. (Doc. 62). The Court ordered Lupe Flores to re-file "a motion for appointment of guardian ad litem upon her identification of a suitable individual willing to serve as guardian ad litem, with any such application complying with Local Rule 202 and this Court's prior orders denying her earlier applications." *See id.* at 9.

On September 2, 2025, Dawn Harris, power of attorney for Lupe Flores, filed a document titled "Notice to Judge," in which she states that Lupe Flores has been hospitalized and requests to be appointed guardian ad litem on her behalf. (Doc. 64). Dawn Harris represents that she "will be reaching out to Mr. Knitters office [sic] tomorrow (28 August 2025) as well, letting them know I would like to bring all of this to an end." *Id.* at 1. Attached to the filing are letters from physician Victoria R. Shada discussing Lupe Flores' medical diagnosis (*id.* at 2, 11, 33); a healthcare power of attorney form designating Dawn Harris as Lupe Flores' designated healthcare agent, notarized, and signed by Lupe Flores as well as two witnesses (*id.* at 3-10), a durable power of attorney form designating Dawn Harris as attorney-in-fact, notarized, and signed by Lupe Flores (*id.* at 12-32); and an authorization for release of protected health information form designating Dawn Harris as an authorized recipient for disclosure, notarized, and signed by Lupe Flores (*id.* at 34-36).

The Court directed Dawn Harris to file a supplemental declaration in support of her motion to be appointed guardian ad litem. (Doc. 65). Dawn Harris timely filed her supplemental declaration on October 9, 2025. (Doc. 66).

**II. GOVERNING AUTHORITY**

Under Rule 17 of the Federal Rules of Civil Procedure, a representative of an incompetent person may litigate on that person's behalf. Fed R. Civ. P. 17(c)(2). "The court is under a 'legal obligation' to consider whether an incompetent person is adequately protected." *Jurgens v. Dubendorf*, No. 2:14-cv-2780-KJM-DAD, 2015 WL 6163464, *3 (E.D. Cal. Oct. 19, 2015) (citing *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986)); accord *Davis v. Walker*, 745 F.3d 1303, 1310 n.6 (9th Cir. 2014).

The appointment of the guardian ad litem is more than a mere formality. *30.64 Acres of Land*, 795 F.2d at 805. A Court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *See id.* (noting, "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation"). The guardian need not possess any special qualifications, but must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp.3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id.* (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

> (a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).

E.D. Cal. Local Rule 202(a).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804.

### III. DISCUSSION

#### A. Guardian ad Litem

Here, the Court determined following a competency hearing that Lupe Flores is incompetent to pursue this action pursuant to Rule 17. *See* Fed. R. Civ. P. 17. Dawn Harris represents her willingness to be appointed as guardian ad litem for Lupe Flores. Dawn Harris is the daughter of Lupe Flores and presents documents setting forth that she possesses healthcare power-of-attorney and durable power-of-attorney for Lupe Flores. *See* (Doc. 64). In her supplemental declaration, provided in the form of a California state court application for appointment of a guardian ad litem (form CIV-010/FL-935), Dawn Harris represents that she is not aware of any conflicts of interest

that might arise from her appointment as guardian ad litem. (Doc. 66 at 2). Cross-Plaintiff Concepcion Flores Molina has not filed any opposition to Dawn Harris' motion. *See generally* docket.

Thus, the Court finds that the standards for the appointment of Dawn Harris as guardian ad litem for Lupe C. Flores have been met and that she is competent and qualified to serve as guardian ad litem for Lupe Flores. *See*, *e.g.*, *Elliott v. Versa CIC, L.P.*, 328 F.R.D. 554, 556 (S.D. Cal. 2018) (finding appropriate appointment of plaintiff's adult daughter, also acting as her power of attorney, as guardian ad litem where plaintiff was found incompetent to pursue the action due to Alzheimer's disease); E.D. Cal. Local Rule 202(a). Thus, the Court shall grant the motion to appoint Dawn Harris as guardian ad litem for Lupe Flores.

### B. Requirement for Guardian ad Litem to be Represented by Counsel

A guardian ad litem is authorized to act on behalf of the incompetent party, "make all appropriate decisions in the course of specific litigation," "make binding contracts for the retention of counsel and expert witnesses and may settle the claim …" *30.64 Acres of Land*, 795 F.2d at 805. However, as is the case here, a party with a non-attorney guardian ad litem must have counsel in order to litigate a case. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself.") (quotation and citation omitted).

Accordingly, the Court will direct the parties to confer and propose dates of mutual available to appear for status conference (via Zoom) to further address the parties' intentions for proceeding with this case.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, it is HEREBY ORDERED that:

1. Cross-Defendant Lupe C. Flores' motion to appoint Dawn Harris as guardian ad litem (Docs. 64, 66) is GRANTED;
2. Dawn Harris is appointed to act as guardian ad litem for Cross-Defendant Lupe C. Flores and is authorized to prosecute the action on Lupe C. Flores' behalf;

3. The Clerk of the Court is DIRECTED to update the docket to reflect the name and address (as listed in Doc. 66 at 1) of Dawn Harris as guardian ad litem for Cross-Defendant Lupe C. Flores; and

4. Within 30 days of entry of this order, the parties shall meet and confer and file a joint report proposing dates of mutual availability to appear for status conference.

IT IS SO ORDERED.

Dated:   **October 23, 2025**  _____
UNITED STATES MAGISTRATE JUDGE