UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CONCEPCION FLORES MOLINA,<br><br>Defendant/Cross-Plaintiff,<br><br>v.<br><br>LUPE C. FLORES,<br><br>Defendant/Cross-Defendant. | Case No. 1:23-cv-01553-CDB<br><br>ORDER SETTING MANDATORY STATUS CONFERENCE ON JANUARY 13, 2026<br><br>(Doc. 68)<br><br>ORDER HOLDING DAWN HARRIS' REQUEST TO WITHDRAW AS GUARDIAN AD LITEM IN ABEYANCE<br><br>(Doc. 69) |

On October 23, 2025, the Court granted Cross-Defendant Lupe C. Flores' renewed motion to appoint Dawn Harris as guardian ad item and directed the parties to meet and confer and file a joint report proposing dates of mutual availability for status conference. (Doc. 67).

On November 24, 2025, the parties filed a joint status report setting forth the dates of January 5, 8, 12, and 13, 2026. (Doc. 68). That same day, Dawn Harris filed a request to withdraw as guardian ad litem for Cross-Defendant Lupe C. Flores. (Doc. 69). Dawn Harris represents therein that, after being appointed guardian ad litem, she received an agreement and release prepared by counsel for Cross-Plaintiff Concepcion Flores Molina. Dawn Harris states that, upon

review of the document, "it became clear that the draft settlement includes [her] personally as a releasing party and attempts to bind [her] to legal obligations affecting [her] own rights and interests." Dawn Harris represents that the agreement requires her to "surrender any present or future rights [she] may hold in [her] grandfather's estate or trust" and to "release claims not connected in any way to [her] mother's litigation and to assume obligations that reach far beyond [her] limited rolse as Guardian ad Litem." Dawn Harris states, without citation to authority, that federal precedent establishes that a guardian ad litem must be free from competing interests and "cannot be asked to relinquish or negotiate personal legal rights while attempting to provide objective representation." Dawn Harris concludes that continuing as guardian ad litem would compromise her ethical duties and the integrity of her representation of Lupe C. Flores and, thus, she requests the Court accept her resignation as guardian ad litem. *Id.* at 2. Dawn Harris attaches to her request a document purported to be said agreement and release. *Id.* at 3-10.

The Court finds it appropriate to hold Dawn Harris' request in abeyance and set the matter for mandatory status conference. At the conference, the parties must be prepared to discuss the current posture of the case, any attempts at settlement, Dawn Harris' request to withdraw as guardian ad litem for Lupe C. Flores, and their respective positions regarding future litigation of the matter. Cross-Defendant Lupe C. Flores will be granted leave to file any response to Dawn Harris' filing seeking to be relived as guardian ad litem.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. The parties must appear for a mandatory status conference on **January 13, 2026, at 10:30 AM** before the undersigned, via Zoom videoconference;

2. Dawn Harris' request to withdraw as guardian ad litem (Doc. 69) is held in abeyance pending the parties' attendance at the mandatory status conference;

3. Cross-Defendant Lupe C. Flores may file any response to Dawn Harris' request to withdraw as guardian ad litem no later than **January 6, 2026**; and

4. Counsel for the parties and Dawn Harris shall request and obtain from the undersigned's courtroom deputy at least 24 hours in advance of the conference Zoom connection information to facilitate the parties' appearances.

IT IS SO ORDERED.

Dated:   **December 12, 2025**

UNITED STATES MAGISTRATE JUDGE