UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

METROPOLITAN LIFE INSURANCE COMPANY,

Plaintiff,

v.

CONCEPCION FLORES MOLINA,

Defendant/Cross-Plaintiff,

v.

LUPE C. FLORES,

Defendant/Cross-Defendant.

Case No. 1:23-cv-01553-CDB

ORDER DIRECTING CROSS-CLAIMANT CONCEPCION FLORES MOLINA TO FILE MOTION FOR APPROVAL OF SETTLEMENT

(Doc. 76)

**<u>14-Day Deadline</u>**

Plaintiff Metropolitan Life Insurance Company ("MetLife") initiated this action by filing an interpleader complaint on November 2, 2023. (Doc. 1). MetLife is the claims administrator for Vincent R. Flores ("Decedent"), a life insurance beneficiary who had benefits under the operative life insurance plan in the amount of $118,500. The Decedent died on June 4, 2023, and his plan benefits became payable. This action involves a dispute among the parties concerning the way the plan benefits should be disbursed.

Concurrent with the filing of her answer, Concepcion Flores Molina filed a crossclaim against

Lupe C. Flores on January 8, 2024. (Doc. 9). Plaintiff deposited the interpleader funds with the Court on February 15, 2024, and was dismissed from the action on February 21, 2024. (Doc. 28).

On March 11, 2025, the Court found Cross-Defendant Lupe C. Flores incompetent to pursue this action. (Doc. 62). On October 23, 2025, the Court granted Lupe C. Flores' renewed motion to appoint Dawn Harris as guardian ad item. (Doc. 67). On November 24, 2025, Dawn Harris filed a request to withdraw as guardian ad litem for Lupe C. Flores. (Doc. 69). That request remains under submission to the Court.

Pending before the Court is the parties' stipulated request to approve their compromise agreement and distribute the registry funds to Concepcion Flores Molina, signed by counsel for Concepcion Flores Molina and by Dawn Harris as guardian ad litem for Lupe C. Flores. (Doc. 76).

**Governing Authority**

No settlement or compromise of "a claim or against a minor or incompetent person" is effective unless it is approved by the Court. Local Rule 202(b). Under Local Rule 202(b)(2), a party seeking approval of the settlement must disclose:

> [T]he age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount ... was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

L.R. 202(b)(2). "District courts have a special duty to protect the interests of litigants who are incompetent." *Leung v. China S. Airlines Co. Ltd.*, No. CV 19-00681 PA (SKX), 2020 WL 11776515, at *2 (C.D. Cal. Jan. 27, 2020) (citation omitted). "The Ninth Circuit has instructed district courts 'to conduct [their] own inquiry to determine whether the settlement serves the best interests of the minor,' and this inquiry has also been applied in cases involving settlement approval for incompetent persons." *Id.* (alterations in original; citing, *inter alia*, *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011)). The Court also is required to consider whether the net amount distributed is fair and reasonable in light of the facts of the case, the specific claim, and recovery in similar cases. *Robidoux*, 638 F.3d at

1181-82.

**Discussion**

Here, the parties' stipulated request for approval of their proposed settlement fails to provide the information required by Local Rule 202(b)(2), as set forth above. Additionally, the stipulation does not sufficiently disclose the manner in which the compromise agreement was determined to enable the Court to evaluate the fairness of the settlement. *See* Local Rule 202(b)(2); *cf. Bravo v. United States*, No. 1:14-cv-01004-AWI-JLT, 2016 WL 3418450, at *3 (E.D. Cal. June 22, 2016) (noting that the key terms of the settlement agreement were developed through a settlement conference before an assigned magistrate judge familiar with the facts of the case). Because the stipulation as proposed fails to meet the requirements under Local Rule 202(b)(2), the Court will deny the requested relief without prejudice to Concepcion Flores Molina's refiling of a motion that remedies the deficiencies noted herein and comports with Local Rule 202(b)(2) as set forth above.

Separately, the parties request that the Court retain jurisdiction to enforce the terms of the compromise agreement pursuant to California Code of Civil Procedure § 664.6. (Doc. 76 at 2-4). Section 664.6 confers discretion upon a court and functions by entering judgment based on the terms in a settlement agreement. *See Pompano v. City of Hermosa Beach*, No. CV 04-7929 CBM (RCX), 2010 WL 11680108, at *3 (C.D. Cal. June 9, 2010) ("Section 664.6 states that the court 'may enter judgment', not shall. Accordingly, the California legislature, like the authors of the Federal Rules of Civil Procedure, recognizes that a court has the equitable discretion to decide whether to enter judgment."); *Produce Pay, Inc. v. FVF Distributors Inc.*, No. 20-cv-517-MMA (BGS), 2022 WL 1342939, at *5, 7 (S.D. Cal. May 3, 2022) (noting section 664.6 is discretionary and that it "was enacted to provide a summary procedure for specifically enforcing a settlement contract without the need for a new lawsuit").

Accordingly, the parties may include a section 664.6 enforcement provision in any resubmitted stipulation to approve settlement agreement and, in the event of an alleged breach of terms, request the Court in its discretion to enforce the agreement by entering judgment pursuant to section 664.6.

///

///

///

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. The parties' stipulated request to approve the compromise agreement and distribute the registry funds (Doc. 76) is DENIED without prejudice. *See* Local Rule 202(b)(2).
2. Cross-Claimant Concepcion Flores Molina SHALL FILE no later than **September 4, 2026,** a motion to approve the settlement that remedies the deficiencies noted herein and comports with Local Rule 202(b)(2).

IT IS SO ORDERED.

Dated: **August 21, 2026**

UNITED STATES MAGISTRATE JUDGE